### No. 9245.

### KITTS *v.* WILLSON ET AL.

INJUNCTION.—*Costs.—Dismissal.*—A perpetual injunction, preventing the· prosecution of a suit for non-payment of costs of a former suit for the same cause, which had been dismissed, is not proper.

COSTS.—*Stay of Proceedings for Non-Payment.—Practice.*—A stay of proceedings because of non-payment of costs of a former suit for the same cause, which had been dismissed, is not a matter of right, but of sound discretion, to be exercised by the court in view of the facts of such case.

SAME.—The order should be to stay proceedings, and may be to dismiss if the costs be not paid within a time fixed, but it should only be granted where the second suit is vexatious and without merit.

SAME.—The second suit will be deemed vexatious unless the plaintiff show the contrary.

From the Ripley Circuit Court.

*E. P. Ferris, W. W. Spencer* and *S. M. Jones,* for appellant.. *W. D. Willson* and *C. H. Willson,* for appellees.

ZOLLARS, J.—The complaint in this case, asking for the

partition of certain lands was filed in the court below on the 18th day of February, 1880. So far as it is necessary to notice the averments in this opinion, they are substantially as follows: In 1864 David Kitts, the husband of appellant, was the owner of the land described, which was of the value of $3,000. Being indebted to James R. Cravens in the sum of about $100, and being about to enter the United States army, upon the request of said Cravens, said Kitts and appellant, as his wife, mortgaged the said land to him by a warranty deed in form, to secure said sum. Before and at the time the deed was executed, Cravens agreed that he would reconvey the land to Kitts at any time when requested so to do, upon the payment of said indebtedness. Kitts and wife, appellant, resided upon the land, in possession of the same until the death of Kitts, in 1873, with the exception of about three years, when they were in the West. After the death of Kitts, appellant continued upon the land and in possession of it until 1875, when she was ejected by Cravens. In 1873, while appellant was in possession, Cravens conveyed the land to appellee Wm. D. Willson in consideration of $3,000, of which sum $2,000 remains unpaid. Wm. D. Willson afterwards, by quitclaim, conveyed to appellee Thomas E. Willson the undivided one-fourth of the land.

It is averred further, that the Willsons when they accepted the conveyances knew of the nature of the conveyance to Cravens and his agreement to reconvey to Kitts.

Appellant alleges that she is the owner of the undivided one-third of the land as the widow of Kitts, asks for a partition and a quieting of the title.

At the April term, 1880, appellees Willsons appeared and filed a sworn application to have the proceedings stayed until the costs in a former action should be paid by appellant, etc.

The statements of the application are substantially as follows: In 1874, appellant commenced an action against Wm. D. Willson and said Cravens for the identical cause of action set up in the complaint herein. While that action was pend-

Kitts *v.* Willson *et al.*

ing Cravens died and his administrator was substituted as a party defendant. On the 18th day of February, 1880, that cause was tried, and after the evidence was closed appellant voluntarily dismissed it, and judgment was rendered against her for costs, in favor of the defendants, which costs amounted to $244. These costs have not been paid. Appellant is insolvent and has no property out of which the costs can be made. Immediately upon the dismissal of that action the present one was commenced. The application closes with a prayer that the proceedings be stayed until the said costs be paid, and that if not paid within a reasonable time appellant be perpetually enjoined from further prosecuting her action.

To this application appellant filed a sworn answer, in which she admits that the cause of action in the two cases is the same, but states that the defendants in, the former action were Wm. D. Willson and said Cravens. It is stated further that in that action she recovered a judgment, from which Cravens appealed to the Supreme Court, where it was reversed upon a technical point, and not upon the merits of the case. Upon the return of the cause, in February, 1880, the administrator of Cravens was substituted, and the trial proceeded with. Upon the trial of the cause she learned for the first time that appellee Thomas E. Willson was claiming to be the owner of the one-fourth or one-half of the land, under a deed from Wm. D. Willson, which fact was unknown to her at the time of the commencement of the former action against Cravens and Wm. D. Willson. Her counsel advised her that a recovery would be doubtful on account of Thos. E. Willson claiming to be a part owner of the land, and that she had better dismiss, and commence a new action, making him a party defendant, which she did. It is stated further that she is the legal owner of the one-third of the land, and has a meritorious cause of action, which she can establish by proof; that when the Willsons purchased they knew of her legal and

equitable rights in and to the land. It is admitted that she is poor and unable to pay the costs adjudged against her, unless she can secure her rights in a court of justice. She disclaims any malicious purpose in the prosecution of the cause, and claims to be prosecuting the same for the sole purpose of securing her rights.

The record states that the cause was submitted to the court on the application and answer, and a record of the former action, including the pleadings in the case and the record of the dismissal. The court made a final order staying proceedings until the payment of the $244 costs adjudged against appellant upon the dismissal of her former action, and that appellant be perpetually enjoined from further prosecuting her action if said costs be not paid within six months, she having the right, in the meantime, to dismiss her action. The correctness of this order is the question presented for decision upon this appeal.

The parties defendants in the former action were the appellee herein, Wm. D. Willson, and James H. Cravens, and after his death his administrator and the children of David H. Kitts. In the present action the parties defendants are the same except that the administrator of Cravens is omitted, and Thomas E. Willson added.

This difference in parties is not such, as of itself, will prevent the application of the rule staying proceedings until the payment of the costs in the former action. _Kentish_ v. _Tatham_, 6 Hill, 372; _Flemming_ v. _Pennsylvania Ins. Co._, 4 Pa. St. 475; _Sooy_ v. _McKean_, 4 Halst. 86; _Jackson_ v. _Carpenter_, 3 Cow. 22; _Jackson_ v. _Edwards_, 1 Cow. 138.

The order staying proceedings until the payment of costs in a former action is not to be made in every case as a matter of right. It is a matter of sound discretion, to be exercised by the courts under the facts and circumstances of each case. _Henderson_ v. _Griffin_, 5 Peters, 151.

The order when granted, as shown by the adjudicated cases,

is upon the ground that the second action is without merit and vexatious. In some of the cases, want of merit and the vexatious character of the action were made to appear by the application for the order. In others these were presumed in the absence of a showing to the contrary. We think that the correct rule, as gathered from the cases, is, that the second action will be deemed vexatious until this inference shall be removed by a showing on the part of the plaintiff. This rule was adopted as controlling in the case of *State, ex rel.*, v. *Howe*, 64 Ind. 18. See, also, *Demarest* v. *Wynkoop*, 2 Johns. Ch. 461; *Kerr* v. *Davis*, 7 Paige, 53; *Lawrence* v. *Dickenson*, 2 Cow. 580; *Danvers* v. *Morgan*, 17 C. B. 530.

In the case in hearing we think that the showing of appellant, in her answer to the application, is sufficient to remove the presumption that the prosecution on her part is vexatious or in bad faith. She swears that she is the owner of one-third of the land; that she has a meritorious cause of action which she can support by proof; that she is prosecuting the case for the sole purpose of securing her rights in the land, and with no evil purpose; and, further, that the former case was dismissed and the present one commenced under the advice of her counsel, on their statement to her that on account of claims set up by appellee Thomas E. Willson her recovery in the former action was rendered doubtful. She states further that after that action was on trial she learned for the first time of the claim thus set up, and was ignorant of it when the action was commenced.

Counsel for appellee contend that it does not appear from appellant's answer that appellee Thomas E. Willson became an owner of a portion of the land before the former action was commenced; that if he became such owner after the action was commenced it was not necessary that he should be made a defendant, and that, hence, there was no sufficient reason for the dismissal. The averment is not as specific as might be required in a pleading tendering an issue upon the

merits of the case, but is sufficient, we think, to show that in the dismissal of the case appellant was not acting upon a frivolous pretext.

The purpose of the answer was to show simply that the prosecution of the present action is not vexatious. For this purpose it may be sufficient, although it may not have been absolutely necessary, to dismiss the former action. The spirit of our legislation would not sanction such strictness in a matter of this kind. While the courts would not tolerate a vexatious litigation, yet the largest latitude will be allowed to the poor, who are unable to pay costs, and are pursuing their rights with an honest purpose. That the costs of the former action are not paid, may be a hardship upon appellees in this case, but it is no greater than often occurs when one of the litigating parties is not good for costs.

Counsel for appellee make a stronger case in their brief than is made by the record. Our decision must be made upon the record, and not upon the briefs.

Had the case been one in which the court might and should have made an order staying proceedings until the payment of costs, yet there would have been manifest error in the order made perpetually enjoining appellant from pursuing her supposed rights in a court of justice. We know of no reason why the court might not in a proper case fix a reasonable time within which the costs should be paid; but the penalty for a failure to pay within that time should be a dismissal of the action and not a perpetual injunction. See *Kerr* v. *Davis*, 7 Paige, 53.

For the reasons above stated the judgment of the court below is reversed, at the costs of appellees.