Harless *et al. v.* Petty *et al.*

Filed Oct. 16, 1884.

———◆———

No. 11,544.

## HARLESS ET AL. *v.* PETTY ET AL.

VENDOR AND VENDEE.—*Contract of Sale.—Condition.— Possession.—Improvement.—Demand of Deed.*—H., being indebted to W., agreed that if W. would give further time, H. would put him in possession of certain land and aid him in erecting a house thereon to live in, and, if he did not pay the debt in a short time, would convey the property to W. Possession was given under this contract, and W. made valuable improvements, and the money not being paid demanded a deed.
*Held,* that this amounted to a sale of the land.

SAME.--*Practice.—Recovery.—Reversal. — Dismissal. — New Suit. — Stay until Costs of first Suit are Paid.—Specific Performance.*—Where a suit was brought for the specific performance of an agreement to sell lands and for possession, and judgment was obtained, but on appeal the judgment was reversed for want of an averment in the complaint of a demand for a deed, and the suit was subsequently dismissed, a demand made and a new suit instituted, the defendant is not entitled to have the suit stayed until the costs in the former suit are paid.

SAME.—*Discretion.—Presumption of Vexatious Suit.*—The order to stay proceedings until the costs in a former suit are paid is within the sound discretion of the court to grant or refuse, under the facts of each case. The second suit will be deemed vexatious until this inference is removed by a showing on the part of the plaintiff.

SAME.— *Widow.—Equity.--Junior Mortgagee.—Finding.*—A widow who was

not shown to have been the wife of the owner of real estate at the time he contracted a sale thereof, or to have married him before the contract was enforced, without notice of the contract, has no equity as against the party demanding a deed. Nor is it an objection to the finding in favor of the enforcement of the contract, that it did not protect a mortgagee who became such after the making of the contract.

From the Madison Circuit Court.

*C. L. Henry, H. C. Ryan* and *E. P. Schlater,* for appellants.

*D. C. Chipman, W. R. West, J. W. Sansberry* and *M. A. Chipman,* for appellees.

FRANKLIN, C.—A case for the same thing and between the same parties has heretofore been before this court. *Harless* v. *Petty,* 84 Ind. 269. The judgment in that case was reversed on an objection to the complaint, that it contained no averment of a demand for the execution of a deed.

When the case went back to the court below, it was dismissed, a demand made for a deed, and a new suit commenced for the same things.

A demurrer to the new complaint was overruled; when appellants moved the court to stay proceeding until appellees paid the costs in the former suit, which had been dismissed. The motion was overruled by the court. Issues were formed; there was a trial by the court; finding for plaintiffs; and over motions for a new trial judgment was rendered for plaintiffs. Appellants have assigned as a joint error the overruling of the demurrer to the complaint.

Appellants Adam and Elizabeth Harless have assigned as separate errors the overruling of the motion to stay proceedings, overruling the separate demurrers of Adam and Elizabeth to the complaint, and overruling the motions for new trials, and to modify the judgment.

The suit is for a specific performance of an agreement to sell real estate, possession of the real estate and damages. The objection urged against the complaint is that it does not show a sale of the land by Harvey Snell to William Snell.

The complaint alleges that "in the year 1869, Harvey

Snell was indebted to his son William Snell, in the sum of $500, with six per cent. interest thereon from 1865, * * and, being unable to pay the same, contracted and agreed with said William that if he would give him further time in which to pay said sum so owing, * * he, Harvey Snell, would put said William Snell into possession of the said land, and would assist him in erecting a house thereon to live in and other buildings, and if he did not pay said money so owing in a short time, he, Harvey Snell would make him, William Snell, a deed of conveyance to said tract of land." That in pursuance thereof William took possession and made lasting and valuable improvements thereon; that Harvey never paid the debt or any part thereof; that a demand was made for compliance, and a refusal by defendants.

We think the complaint substantially shows a sale of the land upon the condition that the money was not paid in a short time. There was no error in overruling the demurrers to the complaint.

Appellants' motion to stay proceedings was based upon a a written statement filed, alleging that appellees had voluntarily dismissed the former suit, had not paid the costs thereof, and were insolvent.

Appellees answered said motion by averring the former trial, the recovering of a judgment for the land and for damages, the appeal to the Supreme Court, and the reversal of the judgment upon a technical objection to the complaint, that it did not allege a demand for a deed before the bringing of the suit. No demand had been made, and, under the decision of this court, appellants could not recover without a demand before suit brought; they were, therefore, compelled to dismiss that suit in order to make a demand preparatory to commencing a new suit; that they had a meritorious cause of action; that this suit was not brought for vexation or annoyance, but for the purpose of obtaining justice, and they denied the plaintiffs' insolvency.

To this answer a reply was filed, alleging that an execution

from the Supreme Court for the costs had been returned *nulla bona.* To this reply a demurrer was sustained, and the motion to stay proceedings was overruled.

The order to stay proceedings until the payment of costs in a former action is not to be made in every case as a matter of right. It is a matter of sound discretion to be exercised by the courts under the facts and circumstances of each case. *Henderson* v. *Griffin,* 5 Peters, 151.

The order, when granted, as shown by the adjudicated cases, is upon the ground that the second action is without merit and vexatious. In some of the cases, want of merit and the vexatious character of the action were made to appear by the application for the order. In others, these were presumed in the absence of a showing to the contrary. The correct rule, as gathered from the cases, is that the second action will be deemed vexatious until this inference shall be removed by a showing on the part of the plaintiff. *Kitts* v. *Willson,* 89 Ind. 95. See authorities therein cited. That case was very similar to the one under consideration; and in this, as in that, we think the plaintiffs' showing, in their answer to the motion, fully removed any presumption of vexation, or want of merit, or bad faith, in the bringing of the second action. There was no error in the overruling of the motion to stay proceedings.

Under the motion for a new trial, it is not contended by appellants in their brief that there was not any evidence tending to sustain the finding of the court in favor of appellees. In such cases, on the weight of the evidence, this court will not disturb the finding.

The suit is by the heirs of William Snell, and against the heirs of, and those claiming through, Harvey Snell, subsequent to plaintiffs' claim. It was admitted upon the trial that Harvey Snell died leaving a widow, Mary A. Snell, surviving him. And it is contended by appellants that she took one-third of the land, and had conveyed the same to appellants. Therefore appellees could not recover more than two-

thirds of the land. All the defendants except Adam and Elizabeth Harless were defaulted. There was a trial as to Adam and Elizabeth, upon an issue formed by a denial to the complaint. There is nothing in the case showing that the widow was the wife of Harvey Snell when the contract for the sale of the land was said to have been made, or that she afterwards married him without notice of the sale of the land to William. No intervening equity is shown to exist.

The following objections to the finding being sustained by the evidence, to wit, that it was shown that Harvey Snell, subsequent to the contract with William Snell, mortgaged the land to said Adam Harless to secure a debt, and that in the finding he had not been protected in his mortgage, and that plaintiffs, in demanding a deed, demanded it for the whole of the land, instead of two-thirds, are not well taken. It is further insisted that the court erred in refusing to strike out the testimony of the witness Howell D. Thompson. No confidential relation of client and attorney was shown to exist between the witness and the vendor, and there was no error in refusing to strike out his testimony for that reason.

Under the motion for a new trial it is further insisted that the court erred in excluding from evidence certain deeds made by some of the children of Harvey Snell to said Elizabeth Harless, for their interest in said real estate, subsequent to the death of their father, Harvey Snell. After the death of William, the father willed the land to said Elizabeth Harless, and his other children had no interest therein to convey. Appellants could not be benefited by the introduction of such deeds in evidence. Nor could such deeds possibly affect the questions pending before the court in relation to the rights of the plaintiffs to the land. There was no issue between the defendants in relation to their individual rights as between themselves. Neither could these deeds tend to show, as is contended for by appellants, that Elizabeth Harless had, without notice of plaintiffs' claim, settled charges upon the land in favor of said children under their father's will. We think

these deeds were immaterial evidence, and there was no error in excluding them.

The last specification of error, in overruling the motion to modify the judgment, is not discussed or apparently insisted upon by appellants in their brief. If it had been, the modification asked, if granted, would not in the least have affected the judgment, and the overruling of the motion could not do appellants any injury. There was no error in overruling the motions for a new trial, nor the motion to modify the judgment. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed with costs.

Filed Oct. 16, 1884.