Carrothers *et al. v.* Carrothers.

No. 12,670.

## CARROTHERS ET AL. *v.* CARROTHERS.

ABATEMENT.—*Vexatious Action.—Costs of Former Action.*—Where a second action is vexatiously brought by and between the same parties for the same cause, the proceedings in the second action will be abated until the costs of the former action are paid.

SAME.—*Presumption as to Vexatious Character.*—It will be presumed in such case, in the absence of a showing to the contrary, that the second action is vexatious.

PLEADING.—*Striking Out.—Record.—Bill of Exceptions.—Supreme Court.*—Where a pleading has been rejected, or a part stricken out, the pleading or the part stricken out will not thereafter constitute a part of the record on appeal to the Supreme Court, unless embodied in a bill of exceptions, or made so by an order of the trial court.

JUDGMENT.—*Objections to Must be Made in Trial Court.—Supreme Court.*—Objections to the form or substance of a judgment or order can not be made in the Supreme Court for the first time; and if not made in the trial court, or unless some motion to modify or amend be there interposed, they are not available for reversal, however erroneous the judgment or order may appear to be.

From the Marshall Circuit Court.

*H. Corbin* and *C. Kellison,* for appellants.

*A. C. Capron* and *M. A. O. Packard,* for appellee.

HOWK, C. J.—The first error assigned by the appellants, upon the record of this cause, is the overruling of their demurrer to appellee's plea in abatement herein.

It is shown by the record of this cause, that prior to the October term, 1882, of the court below, the appellants herein commenced an action against appellee, in such court, to obtain the partition of certain described real estate in Marshall county, and to have the title to their share of such real estate quieted in them as against the appellee; that appellee appeared to such action and filed his answer and cross complaint therein; that the cause was then fully heard by the court, and taken under advisement; and that afterwards, and before the court had announced its finding and decree therein, the appellants, with leave of the court first had, dismissed

their said action at their costs, and judgment was rendered against them in appellee's favor for his costs therein. Thereafter, to wit, on the 14th day of April, 1884, appellants filed their complaint in the court below in the pending suit, alleging in such complaint that they were the owners of the same share or interest in the same real estate as that described in their complaint, in their previous suit, and praying as before that their share in such real estate might be set off to them in severalty, and that their title thereto might be forever quieted in them as against the appellee.

To this latter complaint, appellee answered in abatement of the pending suit, that theretofore, on the 25th day of July, 1882, appellants brought an action in the court below against appellee for equitable relief and for partition of real estate, which said action was in all respects identical with the action in this case, and was founded on the same facts and same cause of action as that stated in the complaint herein; that the aforesaid cause was heard by the court, a full trial had, a large number of witnesses were examined, and the case fully argued by counsel on both sides; and that the court in rendering judgment having indicated that its finding and decree would be in favor of appellee, thereupon the appellants dismissed their said action; that a large amount of costs had been made in said case, and, upon the dismissal thereof, appellee had judgment against appellants for his costs therein in the sum of $47.90, which said costs and judgment remained wholly unpaid. Wherefore appellee prayed that the pending suit abate, and that appellants be restrained from enforcing their said cause of action until such costs were fully paid.

Appellants' demurrer to this answer or plea in abatement was overruled by the court, and this ruling is the first alleged error.

The ruling complained of was not erroneous. The doctrine is well established, and has been recognized and acted upon by this court, that where a second action is vexatiously

brought by and between the same parties for the same cause, the court will, by order, stay the proceedings in the second action, until the costs of the former action shall be paid. In such case, it will be presumed that the second action is vexatiously brought, in the absence of any sufficient showing to the contrary. *State, ex rel.*, v. *Howe*, 64 Ind. 18; *Kitts* v. *Willson*, 89 Ind. 95; *Harless* v. *Petty*, 98 Ind. 53. In their brief of this cause, appellants' counsel have virtually conceded that the error under consideration is not well assigned, and have waived the decision of the question thereby presented.

The next error assigned by appellants is the sustaining of a motion to strike out certain parts of their reply to appellee's answer in abatement, and certain affidavits filed with their reply. The point is made by appellee's counsel, and is vigorously insisted upon, that this supposed error is not so saved in the record of this cause as to present any question for our consideration and decision. We fully concur with appellee's counsel in this view of the matter. It is well settled by our decisions, that where a motion to reject or strike out a pleading, or some part thereof, has been sustained, such pleading or part thereof will not thereafter constitute any part of the record, on an appeal to this court, unless it is made so by a bill of exceptions or an order of court. *Berlin* v. *Oglesbee*, 65 Ind. 308; *Dunn* v. *Tousey*, 80 Ind. 288; *Peck* v. *Board, etc.*, 87 Ind. 221; *Scotten* v. *Randolph*, 96 Ind. 581; *Scott* v. *Board, etc.*, 101 Ind. 42.

So much of appellants' reply to appellee's answer in abatement as the court struck out and rejected, on his motion, was not made part of the record of this cause, either by a bill of exceptions or by an order of court. It was apparently intended to make the rejected portions of the reply a part of the record, by embodying the same in a bill of exceptions, but this was not done. At the point in the bill of exceptions where, as we may suppose, it was intended that the rejected portions of the reply should be copied, they were not copied, nor was there any "here insert," as required by section 626,

R. S. 1881, in such bill of exceptions, to designate the place where the rejected portions of the reply might be inserted therein. In lieu of such portions of the reply, there is a memorandum apparently made by the clerk of the court below, but manifestly without any authority whatever from such court or the judge thereof, to the effect, substantially, that such clerk believes that the rejected parts of such reply may be found on certain pages of the transcript before us, but wholly outside of the bill of exceptions. We need not argue for the purpose of showing that the rejected portions of the reply were not and could not be made parts of the record of this cause by the memoranda of the clerk below, or by his reference to matters which he had previously copied into the transcript, without any warrant or authority of law. After the court had sustained appellee's motion, and had struck out certain parts of appellants' reply, the action of the clerk of such court, in copying the rejected portions of such reply into the transcript, was wholly unauthorized by law, and did not make them, in any legal sense, parts of the record. Where a pleading has been rejected, or a part thereof has been struck out, it will not thereafter constitute any part of the record for any purpose, on an appeal to this court, unless it be embodied in a bill of exceptions, duly signed and filed, or be made a part of such record by an order of the court. *Shields* v. *McMahan*, 101 Ind. 591.

In the absence from the record of the rejected portions of appellants' reply, we can not say that the court erred in sustaining appellee's motion to strike out such parts of the reply; and in such case, of course, as we have often decided, the presumption must prevail that the ruling complained of was not erroneous. *Myers* v. *Murphy*, 60 Ind. 282; *Foster* v. *Ward*, 75 Ind. 594; *Peck* v. *Board, etc., supra.*

Finally, it is assigned as error here that the circuit court erred in making an order and rendering a decree upon the hearing of this cause, staying proceedings herein, absolutely and perpetually. This error, conceding it to be such, as we

well may, is not so saved in and presented by the record before us, as that we can either reverse or modify the decree and order of the circuit court. Appellants failed to move the court for a new trial or hearing of the cause; they did not ask the court to amend or modify its decree and order herein; and they neither objected nor excepted to the form or substance of such order and decree. We have uniformly held that objections to the form or substance of a judgment, decree or order of the trial court, can not be made here for the first time; and that unless such objections be made below, or some motion be there made to modify or amend the judgment, order or decree, the objections can not be made available for reversal here, however erroneous in form or substance such judgment, order or decree may appear to be. *Smith* v. *Tatman*, 71 Ind. 171; *Teal* v. *Spangler*, 72 Ind. 380; *Smith* v. *Kyler*, 74 Ind. 575; *Pennsylvania Co.* v. *Niblack*, 99 Ind. 149; *American Ins. Co.* v. *Gibson*, 104 Ind. 336.

We have found no available error in the record of this cause.

The judgment is affirmed, with costs.

Filed Oct. 6, 1886.