Filed May 13, 1891.

No. 15,035.

## CASHMAN ET AL. *v.* BROWNLEE ET AL.

RAILROADS.—*Consolidation of Companies.—Title to Real Estate.*—Where land is conveyed in fee simple to a railroad company, and afterwards the company is consolidated with another, and further consolidations take place from time to time, the new companies formed by the successive consolidations succeed to said real estate.

ESTOPPEL.—*Adverse Possession.*—The heirs of the grantor to the railroad company, and their grantees, are estopped by his deed from setting up an adverse title derived from possession alone, as against his grantee and those claiming under it.

ABATEMENT.—*Plea in.—Former Action.—Non-Payment of Costs in.—Practice.*—It is a matter in the sound discretion of the court, as to whether or not, it will stay proceedings upon the filing of a plea in abatement alleging that the plaintiffs had formerly commenced an action upon the identical supposed cause of action set up in the complaint in the second action, and had dismissed the same, and that the defendants had recovered a judgment in said original action for costs which had not been paid.

From the Grant Circuit Court.

*A. E. Steele* and *J. A. Kersey*, for appellants.

*G. W. Harvey, W. Paulus* and *H. Brownlee*, for appellees.

COFFEY, J.—This was an action by the appellees against the appellants, instituted in the Grant Circuit Court, to recover possession and to quiet title to certain described real estate.

Cashman *et al. v.* Brownlee *et al.*

The appellants filed a plea in abatement alleging that the appellees had formerly commenced an action upon the identical supposed cause of action set up in the complaint in this cause, which action was dismissed by the appellees; that the appellants recovered a judgment in said action for costs which had not been paid.

To this plea the appellees answered that they had been unable to pay said costs; that they had a meritorious cause of action against the appellants, and that the present action was not vexatious but was prosecuted in good faith.

A trial of the issue thus formed resulted in a finding and judgment against the appellants.

The evidence is not in the record. We can not say the court erred. It is a matter in the sound discretion of the court as to whether or not it will stay proceedings in a case like this. *Kitts* v. *Willson*, 89 Ind. 95.

The cause was tried by the court, who, at the request of the appellants, found the facts specially and stated its conclusions of law thereon.

The material facts in the case, as found by the court, are that, on the 6th day of February, 1854, Abraham Oppy, then the owner of the land in dispute, conveyed the same by deed, without covenants of warranty, to the Marion and Mississinewa Valley Railroad Company for a right of way for its railroad, in consideration of the sum of five hundred dollars, which deed was duly recorded.

No railroad was ever constructed on the land. On the 8th day of January, 1863, the Marion and Mississinewa Valley Railroad Company was consolidated with the Union and Logansport Railroad Company and took the name of the latter company, it succeeding, by agreement, to all the property of the former company, including the land in controversy, of which it took possession. It subsequently constructed a railroad from Union City, in Randolph county, to the city of Logansport, in Cass county, on the right of way and road-bed of the Marion and Mississinewa Valley

Railroad Company, except at certain points where another and different right of way and road-bed were adopted. The road was constructed three-fourths of a mile distant from the land in controversy.

On the 11th day of June, 1867, the Union and Logansport Railroad Company was consolidated with the Columbus and Indiana Central Railroad Company and the Toledo, Logansport and Burlington Railway Company, and took the name of the Columbus and Indiana Central Railway Company.

On the 4th day of December, 1867, the Columbus and Indiana Central Railway Company was consolidated with the Chicago and Great Eastern Railway Company, and they adopted the name of the Columbus, Chicago and Indiana Central Railway Company. Since the completion of the road in 1867 it has been operated continuously by the above named companies, but at the time of the trial of this cause it was operated by the Chicago, St. Louis and Pittsburgh Railway Company.

On the 30th day of April, 1886, the Columbus, Chicago and Indiana Central Railway Company conveyed the land in dispute to the appellees in this case.

Abraham Oppy departed this life in the year 1869.

In July, 1872, the lands of which Abraham Oppy died seized were partitioned, and the land in dispute, together with other lands, was set off to David Oppy, a son, he at the time having knowledge of the deed of his father above mentioned.

After the death of Abraham Oppy the railroad company granted to David Oppy the privilege of cultivating the land in dispute.

On the 14th day of September, 1876, David Oppy conveyed the land, with other lands, to George Harrison and Roger P. Spiker.

On the 9th day of October, 1877, Harrison and Spiker conveyed to Cyrus Emerick.

On the 21st day of August, 1879, Emerick conveyed to James Estey; and on the 26th day of November, 1886, Estey conveyed to the appellants.

At the time of his purchase the appellant, William Cashman, had notice that the appellees claimed the land under a deed held by them.

From this brief statement of the facts found by the court, it will be observed that the appellees have a regular chain of title from Abraham Oppy to themselves, provided the consolidated railroad companies above named each succeeded to the rights of the Marion and Mississinewa Valley Railroad Company in the land in dispute ; and provided, further, that the deed executed by Oppy conveyed a fee simple interest.

Mr. Rorer, in his work on Railroads, in discussing the question of consolidation, p. 38, vol. 1, says : "And so the Legislature may allow a consolidation of two railroad corporations, by the merger of the one into the other, whereby the one so merged loses its corporate existence. Such merger works with it a dissolution—destroys the actual (or *de facto*), identity of both, but preserves the legal identity of the latter. The company so merged, that is, all its members, pass into and become members of the company into which it is merged. All its corporate privileges and property become vested therein, and all the liabilities of the extinct company become chargeable against the corporation into which it is merged." To the same effect is Beach on the Law of Railways, section 553. See, also, *Lauman* v. *Lebanon Valley R. R. Co.*, 30 Pa. St. 42.

In the case of *Paine* v. *Lake Erie, etc., R. R. Co.*, 31 Ind. 283, it was held that a railroad company formed by the consolidation of two companies succeeds to all the rights of each of the corporations of which it is composed. Such new company also assumes the liabilities of the old companies. *Indianapolis, etc., R. R. Co.* v. *Jones,* 29 Ind. 465 ; *Columbus, etc., R. W. Co.* v. *Powell,* 40 Ind. 37 ; *Jeffersonville, etc., R. R. Co.* v. *Hendricks,* 41 Ind. 48.

We think that the new companies formed by the consolidations set out in the special finding of facts in this case respectively succeeded to the real estate in controversy. This being so, it follows that the record title of the appellees is perfect.

The deed from Oppy to the Marion and Mississinewa Valley Railroad Company purports to convey the land therein described in fee simple, and in this the case before us is distinguished from the case of *Cincinnati, etc., R. W. Co.* v. *Geisel*, 119 Ind. 77, where the deed released a mere right of way—an easement only. In this case the deed of Oppy conveyed the fee of the land described in the complaint to the Marion and Mississinewa Valley Railroad Company, and the deed of the Columbus, Chicago and Indiana Central Railway Company vested such fee in the appellees.

On the trial of the cause the appellant, William Cashman, offered to prove by himself and other witnesses that Abraham Oppy, David Oppy and their grantees had continuously occupied the land, and had claimed and held the same openly, notoriously and adversely for more than twenty years immediately preceding the commencement of this suit, but the court sustained an objection to the evidence. This ruling was assigned as a reason for a new trial.

All the parties to this suit claim title through Abraham Oppy. It is not claimed by the appellants that they have title to the land derived from any source other than by regular conveyances from David Oppy, the son of Abraham, and the possession taken and held pursuant to such conveyances. The possession of a grantor is not adverse to the title of his grantee. Abraham Oppy, by his deed to the Marion and Mississinewa Valley Railroad Company, estopped himself from claiming title to the land in dispute adverse to that company, and his heirs and their grantees are likewise estopped by the same deed. *Fite* v. *Doe*, 1 Blackf. 127;

*Rowe* v. *Lewis,* 30 Ind. 163; *Record* v. *Ketcham,* 76 Ind. 482; *Ronan* v. *Meyer,* 84 Ind. 390.

The appellants, claiming title as they do through the heirs of Abraham Oppy, are estopped by his deed from setting up an adverse title derived from possession alone as against his grantee and those claiming under it, and for this reason the court did not err in sustaining an objection to this offered testimony.

Some other questions, not of controlling influence, are presented and argued by the appellants, but after giving them a careful consideration we are of the opinion that the court did not err in the matters of which complaint is made.

We find no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

