## HIPES v. GRINER ET AL.

[No. 3,976.   Filed January 8, 1902.]

COSTS.—*Former Suit.*—*Vexation.*   Where a former action for same cause was dismissed and costs remain unpaid, the second action will be deemed to be vexatious until the inference is removed by plaintiff, the slightest countervailing evidence being sufficient to remove the presumption of vexation.  *p. 162.*

SAME.—*Former Suit.*—*Stay of Proceedings.*—Where a suit is brought in which the costs of a former suit, for the same cause, dismissed by plaintiff, remain unpaid, the proper practice is to move to stay the proceedings until the costs of the former case are paid.  *p. 162.*

SAME.—*Former Suit.*—*Plea in Abatement.*—*Practice.*—A plea in abatement by defendant because of the non-payment of· costs in a former suit for the same cause will be regarded as a motion to stay the proceedings.  *p. 162.*

From Delaware Circuit Court; *J. G. Leffler*, Judge.

Action by Andrew J. Griner and others against John Hipes. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*J. M. Brown, S. H. Brown, R. S. Gregory, A. C. Silverburg* and *O. J. Lotz,* for appellant.
*W. A. Brown* and *G. H. Koons,* for appellees.

HENLEY, J.—This action was originally commenced in the circuit court of Henry county. The venue was changed to the Delaware Circuit Court. The complaint consists of three paragraphs. Two of these paragraphs were filed while the case was pending in the Henry Circuit Court, and the third after it was transferred to the Delaware Circuit Court. The first paragraph seeks to recover the possession of real estate and damages for its detention. The second paragraph seeks to have declared a deed absolute on its face,

a mortgage, and to have the deed made by appellant to one Evans set aside. The third paragraph is substantially the same as the second, except that the facts are stated more fully and extensively. One Herbert H. Evans was made a defendant, but as the court found that the said Evans was an innocent purchaser of the real estate from said appellant, the title in him could not be devested, and a personal judgment only was rendered against the appellant. Appellant answered by general denial. There was a trial, and at the request of appellant the court made a special finding of facts and stated conclusions of law thereon.

Appellant's assignment of errors consists of eight specifications, only three of which counsel for appellant have discussed. The three specifications discussed by appellant's counsel are as follows: "(1) That the Henry Circuit Court erred in sustaining the demurrer of the appellees, Andrew J. Griner and Marietta Griner, to the appellant's plea in abatement. (2) That the Henry Circuit Court erred in entertaining the demurrer to the appellant's plea in abatement, and in sustaining the same, after a reply had been filed to such plea in abatement. (6) That the Delaware Circuit Court erred in each the first, second, third, fourth and fifth conclusions of law, upon the special finding of facts."

We will dispose of the first and second specifications together, as they present the same question. It appears by the record that while the case was pending in the Henry Circuit Court, appellant filed what he denominates a plea in abatement, in which it is made to appear that the appellees had, in a former action brought to recover possession of the same real estate and to recover damages for the detention thereof, which action was brought in the Henry Circuit Court and the venue thereof changed to the Wayne Circuit Court, dismissed their said action, and a judgment was rendered against them for costs, and that the same facts are set up in this case as were set up in the case dismissed as aforesaid, and said action was between the same parties and the

same relief was asked for; and appellant asked that this action be stayed until the costs of that proceeding should be paid.

The rule is, in this State, that the second action will be deemed to be vexatious until the inference shall be removed by a showing on the part of the plaintiff. *Harless* v. *Petty*, 98 Ind. 53; *Kitts* v. *Willson*, 89 Ind. 95; *Eigenman* v. *Eastin*, 17 Ind. App. 580; *Sellers* v. *Myers*, 7 Ind. App. 148. The slightest countervailing evidence is sufficient to remove the presumption of vexation. *Sellers* v. *Myers*, *supra.* The proper practice is to move to stay the proceedings until the costs of the former case are paid. *Harless* v. *Petty, supra; Citizens' St. R. Co.* v. *Shepherd* (Ind. App.), 62 N. E. 300.

What appellant calls his plea in abatement must be regarded as a motion to stay the proceedings. Appellees made a showing by way of a verified statement directed to appellant's motion in which they rebut the presumption of vexation. Without deciding whether the record presents the question attempted to be raised by such motion, we hold that the trial court did not abuse its discretion in refusing to stay the proceedings upon the showing made by both parties.

It is sufficient to say, in disposing of appellant's contention, that the trial court erred in the first, second, third, fourth, and fifth conclusions of law, and each of them, that the special finding of facts was sufficient upon which to base the conclusions of law stated by the court, and we do not deem it necessary to set out here the special finding of facts as made by the court. A proper conclusion was reached by the trial court, and the record presents no error for which a reversal can be granted.

The judgment is affirmed.