BEARD, AUDITOR, *v.* THE STATE OF INDIANA, EX REL. GOTTA

[No. 21,928.   Filed October 13, 1911.]

1. INTOXICATING LIQUORS.—*License Fees.*—*Statutes.*—*Implied Repeal.*—Section five of the act of 1911 (Acts 1911 p. 244), providing that "the license fees by this act required to be paid to the county treasurer shall be paid into the tuition fund of the county" and that they "shall be the only fees required for the issuing of license to sell intoxicating liquors at retail," does not impliedly repeal §7325 Burns 1908, Acts 1895 p. 319, §115, providing that there shall be paid "for each retail liquor license, to be paid by the licensee, $4" and that "for taking, approving and indexing and recording bond, $1," such latter fees belonging to the county as compensation for the services of the auditor, and the former ones having reference only to the regular license tax. pp. 354, 355.

2. STATUTES.—*Repeal.*—*Implication.*—Repeals by implication are not favored; and where possible such construction will be adopted as will permit both acts to stand. p. 355.

3. INTOXICATING LIQUORS.—*Statutes.*—*"Retail Liquor License."*— *Certificate of Renewal.*—The certificate of renewal, issued under

section seven of the act of 1911 (Acts 1911 p. 244) is a "retail liquor license" within the meaning of §7325 Burns 1908, Acts 1895 p. 319, §115, fixing the fee for issuing such license.   p. 356.

From Vanderburgh Circuit Court; *C. A. DeBruler,* Judge.

Action by The State of Indiana, on the relation of William Gotta, against Charles P. Beard, as auditor of Vanderburgh county. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Cunningham & Ortmeyer,* for appellant.
*Durre & Curry,* for appellee.

MONKS, J.—Relator brought this action to compel appellant to perform an alleged legal duty. The only question presented is whether a person who is granted a renewal of his license "to sell intoxicating liquors at retail," under the provisions of "an act concerning intoxicating liquor," approved March 4, 1911 (Acts 1911 p. 244), commonly known as the "Proctor law," is required to pay to the county auditor the fees provided in that part of §115 of the fee and salary law of 1895 (Acts 1895 p. 319, §7325 Burns 1908), which reads as follows: "For each retail liquor license, to be paid by the licensee, $4. * * * For taking, approving and indexing and recording bond, $1." The relator claims that he is not required to pay said fees as provided in §7325, *supra,* for the reason that said provisions were repealed by implication by that part of §5 of the Proctor law which reads as follows: "The license fees provided for in this act shall be the only fees required for the issuing of license to sell intoxicating liquors at retail." The court below sustained this contention, and rendered final judgment against appellant. If this contention of relator is correct, the judgment must be affirmed, but if not, it must be reversed.

It is well settled that repeals by implication are not favored, and, therefore, two or more acts must be so con-

strued, if possible, that all may stand. It has
2. been held repeatedly by this court that implied re-
peals are only recognized and upheld when the later
act is so repugnant to the earlier as to render the repug-
nance or conflict between them irreconcilable. A court will
always, if possible, adopt the construction that will permit
both laws to stand and be operative. *Board, etc.,* v. *Garty*
(1903), 161 Ind. 464, 469, and cases cited; *Shea* v. *City of
Muncie* (1897), 148 Ind. 14, 21, and cases cited; *State, ex
rel.,* v. *City of Noblesville* (1901), 157 Ind. 31, 34, 35;
*Pomeroy* v. *Beach* (1898), 149 Ind. 511, 516, and cases
cited; *Robinson* v. *Rippey* (1887), 111 Ind. 112.

It is evident, from an application of this rule, that the
provisions of the Proctor law did not repeal that
1. part of §7325, *supra,* heretofore set out.

The $4 "for retail liquor license," and the $1 "for
taking, approving and indexing and recording bond," are
fees for the services of the auditor in performing the du-
ties imposed upon him in regard to said liquor license and
said bond. Such fees were, under some earlier laws, the
property of the auditor, but under said act of 1895 they
are the property of the county, and must be collected and
paid into the county treasury, to reimburse the county, in
part at least, for the salary of the auditor. *Ryan* v. *State*
(1910), 174 Ind. 468.

The fees, however, provided by and mentioned in the
Proctor law are not for the services of any officer or per-
son, but are paid for the privilege of carrying on the busi-
ness of a retail liquor dealer under the laws of the State
forbidding the operation of such business except by those
who obtain such license. 23 Cyc. 71, 105, 106.

It was in this sense that the word "fees" is used in the
last clause of §5 of the act of 1911, *supra,* which provides
that the license fees required by this act shall be paid into
the tuition fund of the county. They do not belong to the
county fund, but are a part of the school fund, and can

be used only for such purposes as the law concerning the "tuition fund" provides. For the privilege of engaging in the business of a retail liquor dealer, it is evident that only the fees for such privilege provided by the Proctor law can be required under said last clause of §5 of said law. In other words, if there were other laws fixing the fees to be paid for such privilege when the Proctor law went into effect, only the fees for such privilege provided in the Proctor law can be required. It is clear that the word "fees," used in the last clause of said §5, has no reference to the "fees" provided for in §7325, *supra,* for the services of the county auditor in issuing the license and approving, indexing and recording the bond.

3. The certificate of renewal, which the Proctor law requires the county auditor to issue to the person obtaining an order therefor, is a "retail liquor license" within the meaning of §7325, *supra.*

We hold, therefore, that when a renewal of a license is obtained under the provisions of the Proctor law, the person obtaining such renewal must pay said fees of $4 and $1, as provided in §7325, *supra.*

It follows that the court erred in overruling appellant's demurrer to each paragraph of the complaint. Judgment reversed, with instruction to sustain the demurrer, and for further proceedings in accordance with this opinion.