Brane *v.* Kendall—182 Ind. 436.

## BRANE ET AL. *v.* KENDALL ET AL.

[No. 22,447. Filed November 13, 1914.]

1. DRAINS.—*Proceedings to Establish.—Notice of Report and Hearing.—Statutes.*—Under §6151 Burns 1914, Acts 1907 p. 508, §17, authorizing the reference of a drainage petition to the county surveyor in certain cases, the elimination of unnecessary costs is contemplated, and no notice of the filing of the surveyor's report, or of the time fixed for the hearing, is required to be given to the petitioners, but such notice is contemplated only to landowners named in the report, who are not petitioners. p. 437.

2. DRAINS.—*Proceedings to Establish.—Report of County Surveyor. —Report by Deputy Surveyor.—Validity.*—Although §6151 Burns 1914, Acts 1907 p. 508, §17, requires the petition for drainage construction in certain cases to be referred to the county surveyor, §§9158, 9514 Burns 1914, §§5568, 5952 R. S. 1881, authorize the appointment of deputy county surveyors, so that a drainage report under §6151 Burns 1914, signed by the deputy county surveyor, was not void, notwithstanding the provision of §9515 Burns 1914, Acts 1891 p. 32, that work done by a deputy county surveyor should be approved and officially signed by the surveyor. p. 437.

3. DRAINS.—*Proceedings to Establish.—Petition to Set Aside Report.—Demurrer.—Harmless Error.*—Where a petition to set aside the surveyor's report in a drainage proceeding did not entitle petitioners to the relief sought, error could not be predicated on the sustaining of a defective demurrer thereto. p. 438.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Proceeding for the establishment of a drain on the petition of Milton S. Brane and others, and from an adverse judgment the petitioners appeal. *Affirmed.*

*Alvah Taylor,* for appellants.
*D. F. Brooks,* for appellees.

MORRIS, J.—Appellants and other landowners commenced a drainage proceeding, before the Board of Commissioners of Wabash County, under the provisions of §6151 Burns 1914, Acts 1907 p. 508, §17, which authorizes a reference of the petition to the county surveyor where a proposed tile drain is less than two miles long and will cost less than $300, exclusive of expense of tile. The petition was filed June 3, 1912, and was referred to the surveyor for report. The deputy county surveyor made and filed a favorable report on the petition on July 15, 1912. No notice of the filing of the report or time fixed for hearing was served on any appellant. On August 5, 1912, the day set for a hearing, the report was approved, and the proposed drain ordered established. The surveyor's report was made by his deputy and signed in the latter's name. A superintendent of construction was appointed, a contract for the work was executed, and the drain was reported as completed on January 31, 1913. On January 20, 1913, appellants filed with the board their petition to set aside the report made by the deputy surveyor and to vacate all subsequent orders made. Relief was denied to appellants by the board, and thereupon they appealed to the circuit court. From a judgment of the latter, adverse to them, this appeal is prosecuted.

It is contended by counsel for appellants that all orders made by the board subsequent to the filing of the surveyor's report are void because no notice was given to appellants of the filing of the report, or the time fixed for the hearing. We are of the opinion that the statute, (§6151 Burns 1914, *supra*), which manifestly contemplates the elimination of unnecessary costs, requires no such notice to petitioners. The notice contemplated is only to landowners named in the report, who are not petitioners. The statute requires the reference of the petition to the county surveyor for report. Sections 9158, 9514 Burns 1914, §§5568, 5952 R. S. 1881, authorize county surveyors to appoint deputies. Section 9515 Burns 1914,

Acts 1891 p. 32, authorizes such deputies to perform the duties of surveyors but requires the work done by a deputy to be approved and officially signed by the surveyor. While the report in question should have been signed by the surveyor, we are of the opinion that it was not void because it was signed by the deputy.

Appellants also contend that the court erred in sustaining a demurrer to the petition because of the defective form of the demurrer. Appellants were not entitled to relief

3. on their petition, because the latter was grounded on the propositions that the surveyor's report was absolutely void and that appellants were entitled to notice of the filing of the report and the day set for hearing. Sustaining a defective demurrer to an insufficient complaint constitutes only harmless error. *Duffy* v. *England* (1911), 176 Ind. 575, 584, 96 N. E. 704.

No reversible error appears in the record. Judgment affirmed.

Note.—Reported in 106 N. E. 690. On the question of the procedure for the establishment of drains and sewers, see 60 L. R. A. 161.