LAKE AGRICULTURAL COMPANY ET AL. *v.* BROWN ET AL.

[No. 23,007. Filed January 11, 1917.]

1. ACTION.—*Former Suit.*—*Vexation.*—*Presumption.*—A second action between the same parties for the same cause will be presumed to be vexatious, but this presumption may be overcome by slight evidence. p. 32.

2. APPEAL.—*Review.*—*Motion to Stay Proceedings.*—*Discretion of Trial Court.*—In a proceeding to establish a drain, a motion for a stay of proceedings until the payment of costs made in a former action for the establishment of the same drain presents a question for the discretion of the court, and in the absence of a showing of an abuse of this discretion, it was not reversible error to refuse the motion, which did not show that the second proceeding involved the same parties or that it affected the same lands as did the first. p. 33.

3. DRAINS.—*Petition.*—*Sufficiency.*—*Filing in Duplicate.*—*Statute.*—The circuit court is a court of general jurisdiction with authority to determine a proceeding to establish a drain under the provisions of §6141 Burns 1914, Acts 1907 p. 508, and an attack on its jurisdiction to proceed with the trial of such a case because the drainage petition was not filed in duplicate, as required by such statute, is a matter of defense to be presented by an issue properly tendered. p. 33.

4. DRAINS. — *Review.* — *Petition.* — *Sufficiency.* — *Jurisdictional*

*Facts.*—All jurisdictional facts need not appear in a drainage petition, but may be shown by the evidence, so·that where remonstrators moved to dismiss the petition because it was not filed in duplicate, as required by §6141 Burns 1914, Acts 1907 p. 508, the ruling of the court overruling the motion, which is all that is shown by the record in relation to the subject, would not be sufficient to warrant the appellate tribunal in holding that the question of the jurisdiction of the court to try the drainage proceeding was not properly heard or that a correct conclusion was not reached.   p. 34.

5.   DRAINS.—*Proceedings to Establish.—Evidence.—Report to Drainage Commissioners.—Admissibility.*—The report of the drainage commissioners is admissible in evidence in a drainage proceeding whether begun before the board of county commissioners or in the circuit or superior court.   p. 34.

6.   DRAINS.—*Proceedings to Establish.—Evidence.—Report of Drainage Commissioners.—Admissibility.—Signature of Surveyor.*—The report of the drainage commissioners is admissible in evidence in the trial of a drainage proceeding, although signed only by the deputy surveyor and not by the surveyor. p. 34.

7.   DRAINS.—*Statutes.—Construction.—Repeal.*—The act of 1915, Acts 1915 p. 208, providing for the organization of drainage districts, the boundaries of which are to be fixed by the court, and furnishing the procedure for the complete drainage of an entire district, regardless of the number of ditches required, did not, in the absence therefrom of a general repealing clause, repeal the act of 1907, Acts 1907 p. 508, §6141 Burns 1914, which contemplates the establishment, on the filing of a proper petition, of a single ditch or laterals, which must be pointed out in the petition; and, since either act, in a proper case, may be followed without conflict with the other, the later act cannot be held to repeal the earlier statute by implication. pp. 35, 37.

8.   STATUTES.—*Repeal by Implication.*—The repeal of a statute by implication is not favored and, when it is possible to do so, two or more acts on the same subject will be so construed that all may stand, implied repeals being recognized and upheld only when the later act is so repugnant to the former as to render them wholly irreconcilable.   p. 36.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Drainage proceeding on the petition of John Brown and others. From a judgment for the petitioners, the Lake Agricultural Company and others appeal. *Affirmed.*

*George E. Hershman,* for appellants.

*J. Will Belshaw, Otto J. Bruce* and *W. Vincent Youkey,* for appellees.

MYERS, J.—Appellees, owners of separate tracts of land, by petition filed in the Lake Circuit Court, sought to have a drain established as authorized by "An act concerning drainage," approved March 11, 1907. Acts 1907 p. 508, §6141 Burns 1914. Proceedings were thereafter had in that court which resulted in a judgment establishing the drain known as "Tully Ditch No. 2"; assessments as modified were approved, and a construction commissioner appointed. From this judgment appellants appeal to this court.

The errors assigned and not waived are that the trial court erred in refusing to sustain their plea in abatement, in refusing to dismiss the petition of appellees because it was not filed in duplicate, and in overruling their motion for a new trial.

The so-called plea in abatement is no more than a verified motion to stay proceedings until the costs made in a former action for the establishment of the same drain—brought in the superior court of Lake county and dismissed—were paid. *Hipes* v. *Griner* (1901), 28 Ind. App. 160, 62 N. E. 500. The pleading rests upon the statements that the two actions were for the same cause, and the costs in the former had not been paid. In this State the recognized rule is that a second action

1.  between the same parties for the same cause will be presumed to be vexatious, but this presumption may be overcome by slight evidence. *Harless* v. *Petty* (1884), 98 Ind. 53; *Kitts* v. *Willson* (1883), 89 Ind. 95; *Carrothers* v. *Carrothers* (1886), 107 Ind. 530, 8 N. E. 563; *Wait* v. *Westfall* (1903), 161 Ind. 648, 68 N. E. 271; *Citizens St. R. Co.* v. *Shepherd* (1902), 29 Ind. App. 412, 62 N. E. 300; *Hipes* v. *Griner,*

*supra.* The record in this case shows that there were a number of petitioners and a number of other persons and corporations whose lands were affected by the proposed drainage, but the motion does not show that the second proceeding involved the same parties, or that it affected the same lands as did the first. True, such a showing, of itself, would not necessarily prevent the application of the rule staying proceedings until the payment of the costs in the former action, yet—when considered in the light of the cases holding that a stay of proceedings in all cases like this will not be granted as a matter of right but will be left to the facts and circumstances of each case (*Kitts* v. *Willson, supra; Harless* v. *Petty, supra*), of the presumption in favor of a correct ruling of the trial court (*Aydelott* v. *Collings* [1896], 144 Ind. 602, 43 N. E. 867), of the settled rule that slight evidence only is necessary to remove the presumption of vexation—it leads us to conclude that this was a case for the sound discretion of the court as to whether or not the proceedings should have been stayed. No abuse of this discretion is claimed, and no reversible error is shown. *Cashman* v. *Brownlee* (1891), 128 Ind. 266, 27 N. E. 560.

Appellants insist that the court erred in overruling their motion to dismiss the petition for the reason that the same was not filed in duplicate. They insist that the filing of the petition in duplicate was necessary to give the court jurisdiction over the subject-matter.

The statute under which the petitioners proceeded provides that they "may apply for such drainage by petition filed in duplicate to the circuit court or superior court," etc. The order book entry shows that they filed "their petition praying for the construction of the proposed drainage system

therein set forth." The circuit court is a court of general jurisdiction (*Shewalter* v. *Bergman* [1890], 123 Ind. 155, 23 N. E. 686), and by statute had original jurisdiction of this proceeding, which, as the record shows, was tried to final judgment. The statute (§6141, *supra*) requires that the petition be filed in duplicate and, in the absence of a showing to the contrary, we must assume that the statute was followed. But the motion states that the petition was not so filed. If appellants are correct in saying that the petition must be filed in duplicate in order to give the court jurisdiction, then a challenge of its authority to proceed in the trial of the case was a matter of defense and should have been presented by an issue properly tendered. *Board, etc.* v. *Leggett* (1888), 115 Ind. 544, 18 N. E. 53; *Chapell* v. *Shuee* (1889), 117 Ind. 481, 20 N. E. 417. Treating the motion as tendering that issue, together with the ruling of the court thereon, which is all the record on the subject, would not be sufficient to warrant this court in holding that such issue was not properly heard, or that a correct conclusion was not reached. This court has held "that all jurisdictional facts need not appear in the petition, but may be shown by evidence." *Shields* v. *Pyles* (1913), 180 Ind. 71, 99 N. E. 742.

Appellants insist in support of their motion for a new trial that the court erred in admitting in evidence the report of the drainage commissioners. The objections urged against the admission of this report are based upon the theory: First, that the statute makes the report competent evidence in proceedings begun before the board of county commissioners, but not in the trial of such proceedings begun in the circuit or superior court. This court has held otherwise, and appellants' contention in this respect can-

not be sustained.  *Wilson* v. *Tevis* (1915), 184
Ind. 712, 111 N. E. 181; *Shields* v. *Pyles, supra.*

6.

Secondly, that the report was not admissible for
the reason that it was not officially signed or ap-
proved by the county surveyor.   In support of this con-
tention we are referred to §9515 Burns 1914, Acts 1899
p. 119, which requires the work done by a deputy county
surveyor to be approved and officially signed by the
county surveyor.   On this precise question this court
has held that: "While the report in question should
have been signed by the surveyor, we are of the opinion
that it was not void because it was signed by the dep-
uty."  *Brane* v. *Kendall* (1914), 182 Ind. 436, 106 N.
E. 690.   In view of that decision, with which we are
still satisfied, appellants' position must fail.

Appellants also earnestly insist that the statute of
1907, *supra,* under which these proceedings were be-
gun, was repealed by an act of the general as-
sembly, approved March 8, 1915 (Acts 1915 p.
208—in effect April 26, 1915).   The act last re-
ferred to is entitled, "An act concerning the organiza-
tion of drainage, sanitary and reclamation districts and
prescribing their powers and duties."   The title of the
act of 1907, *supra,* is: "An act concerning drainage,
and repealing laws in conflict."

7.

The 1915 enactment has no general repealing clause.
It does, however, specifically refer (§71) to the act,
approved March 10, 1913, relating to the construction of
levees and drains by associations and provides that the
act shall not be repealed "nor shall it affect any pend-
ing litigation growing out of, connected with, or based
on proceedings had under said act of 1913; nor shall it
affect, or stop, or transfer to and under the provisions
of this act any proceedings under said act of 1913 in
which the appraisers have already been appointed."

If the act of 1907, *supra,* is repealed by the act of

1915, *supra*, it is only by implication. The act of 1915 provides that associations therein authorized can be organized only on petition of "a majority of the resident owners of the lands and other property, or the resident owners of the major portion of the area in acreage of the lands and other property embraced within or constituting any contiguous body of swamp, wet, unproductive or overflowed lands, or lands subject to overflow, situated in one or more counties in this state, and susceptible of and likely to be improved and affected by drainage, protection or reclamation, by the same general system of works." While the act of 1907 provides: "Whenever any owner or owners of any separate and distinct tract or tracts of land * * * shall desire to drain the same and the drainage thereof can not be accomplished in the best and cheapest manner without affecting the lands of others such owner or owners * * * may apply for such drainage by petition filed in duplicate to the circuit court or superior court of the county in which the lands of the petitioner or petitioners are situated."

The act of 1915, as it clearly appears from the title, looks to the organization of drainage districts, the boundaries of which are to be fixed by the court, and furnishes the procedure for the complete drainage and reclamation of the entire district, regardless of the number of ditches required, while the act of 1907, *supra*, contemplates a single ditch or laterals which must be clearly pointed out in the petition.

The repeal of a statute by implication is not favored and, when it is possible so to do, two or more acts on the same subject will be so construed that all may stand. *Board, etc.* v. *Garty* (1903), 161 Ind. 464, 68 N. E. 1012. In 1 Lewis' Sutherland on Statutory Construction (2d ed.) §267, the author says: "As laws are presumed to be passed with

deliberation and with a full knowledge of all existing ones on the same subject, it is but reasonable to conclude that the legislature, in passing a statute, did not intend to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is irreconcilable." This court has many times affirmed the rule that implied repeals are only recognized and upheld when the latter act is so repugnant to the former as to render them wholly irreconcilable. *Beard* v. *State, ex rel.* (1911), 176 Ind. 353, 95 N. E. 1103, and cases cited. *Collins Coal Co.* v. *Hadley* (1906), 38 Ind. App. 637, 75 N. E. 832, 78 N. E. 353; *Monical* v. *Heise* (1911), 49 Ind. App. 302, 94 N. E. 232.

While the general purpose of the two acts—drainage of land—is the same, yet no one will seriously contend that they do not proceed on widely different lines, and that either, in a proper case, may be followed without conflict with the other. True, when a drainage district has been formed, and the association perfected as provided in the act of 1915, as to that district, the application of the earlier act would be excluded. But in the case at bar, it is not contended that the ditch in question, or any part of it, is within the boundaries of any incorporated district, yet it is insisted that after the passage of the latter act the proceedings should have been dismissed or continued under this act. There is no ground for this insistence, and no reason for holding that both acts cannot stand. The judgment is affirmed.

NOTE.—Reported in 114 N. E. 755. See under (2) 4 C. J. 842; 11 Cyc 257; (3) 14 Cyc 1033, 1036; (8) 36 Cyc 1071, 1076. Statutes, repeal by implication, 5 Ann. Cas. 202; 88 Am. St. 273.