Filed June 20, 1893.

---

No. 748.

## Sellers *v.* Myers.

Costs.—*Subsequent Trial.—Stay of Proceedings Until Payment of Accrued Costs.—Discretionary Act.—When Reviewable.—Practice.—* Where a second action is waged between the same parties for the same cause, the presumption is that the second action is vexatious, and unless the presumption is overcome, the court, in all such cases, will order the proceedings stayed until the costs of the first suit are paid. The burden of removing such presumption rests upon the plaintiff, and the presumption fades away before the slightest countervailing evidence. Whether such proceeding will be stayed or not, is within the sound discretion of the court, which can not be reviewed, except where there is clearly an abuse of discretion.

From the Elkhart Circuit Court.

*H. C. Dodge*, for appellant.

*J. O. Hoover*, for appellee.

Lotz, J.—The appellant instituted this action against the appellee, on the 19th day of February, 1892.

In his complaint, he alleges that the appellee is indebted to him on account of work done. An itemized statement of the indebtedness is set out in the body of the complaint, which aggregates the sum of one hundred and ninety-eight dollars.

This complaint concludes as follows: "That said above account is past due and unpaid, and was due October 1, 1891, at which time plaintiff demanded and requested payment by defendant. Wherefore he demands judgment for two hundred and ninety-eight (298) dollars."

The appellee appeared to said action, by counsel, and moved the court to stay the proceedings therein until certain costs in a former action should be paid. This motion was supported by the affidavit of Jonas O. Hoover, the attorney for appellee in this cause. This affidavit shows that on the 5th day of February, 1892, the appellant commenced an action against the appellee for the same cause of action set forth in the complaint in this suit, before John W. Bliss, a justice of the peace in and for Osolo township, Elkhart county, Indiana; and, in that proceeding, the appellee filed an answer in general denial and a set-off; that on the 11th day of February, 1892, said cause was tried by a jury, and a verdict was returned in favor of the appellee, and against the appellant, in the sum of ninety-six dollars; that a new trial was granted by said justice; that a change of venue was then taken to the court of one William Theis, a justice of the peace of Concord township in said county; that in said court the appellant filed the identical complaint filed in this action; that appellant caused a venire to be issued for a jury to try said cause in said court; that before said cause was tried, appellant dismissed his suit, and that said court thereupon entered judgment against appellant for costs, in the sum of thirteen dollars, which judgment remains unpaid; that appellant has no property out of which said judgment can be made, and is insolvent; that immediately after the dismissal of said action, the present one was commenced; that appellee has been put to great expense and trouble in attend-

ing court since the first action was instituted, and has expended money in procuring the attendance of witnesses at the time set for the trial of the first action; that, as a matter of fact, affiant verily believes that the appellant is indebted to appellee, but that appellant being insolvent, appellee could not enforce, even though he secured, a judgment; and that the proceedings herein are malicious and vexatious.

Appellant filed a counter affidavit.   This affidavit was made by one Henry C. Dodge, the attorney for appellant in this cause.

By said affidavit, it is shown that in the trial before the justice, John W. Bliss, as mentioned and set out in the affidavit of said Hoover, the appellant had no counsel, and that a judgment was taken against him, whereupon the affiant was employed by appellant to apply for a new trial and to take charge of said cause; that the complaint upon which said trial was had counted only upon a part of the present cause of action, to wit, in the sum of only forty-four dollars; that a new trial was granted, and that after the granting of said new trial, the appellee took a change of venue to Justice Theis; that after the granting of the new trial and the change of venue as aforesaid, affiant examined into appellant's claim against appellee and learned that appellant had not set up all his cause of action, and that he (affiant) drew the complaint, excepting amendments made in the circuit court, and prepared to file the same before the justice to whom said cause was taken on change of venue; that at said time it occured to affiant that appellant's demand, including interest, was in excess of the justice's jurisdiction, and for that reason and other good reasons affecting appellant's legal rights in the premises, affiant, in good faith, acting as counsel for appellant, determined to dismiss further proceedings in said justice's court and prosecute appellant's

claim in the circuit court, where all of his said claim could be properly prosecuted; that appellant was not present when affiant dismissed said cause, and did not know that said cause was to be dismissed until after it was done; that said cause was not dismissed to harass or annoy the appellee, but was solely because of the opinion of affiant, in good faith, that it was necessary to protect appellant's rights.

Neither the appellee nor the appellant made any affidavits, nor was there any evidence given on said motion other than the affidavits of counsel. The motion was submitted upon these affidavits and the court gave judgment as follows:

"Whereupon, the court, upon due consideration, orders that the trial of this cause be stayed until the costs made before the justice herein be paid, to which order of the court said plaintiff at the time excepts."

This order of the court was made on the 3d day of March. The record before us further shows that on the 7th day of March the appellant filed his petition, supported by his affidavit, to be allowed to prosecute said cause as a poor person. This petition was submitted to the court on the affidavits of the appellant and his counsel, and on the counter affidavits of appellee and his counsel.

No other evidence was given or heard, except that contained in these affidavits. Every entry on the record shows that the only question at issue was the right of the appellant to prosecute as a poor person, but, when the court came to rule on said application, the record shows that the ruling was prefaced by certain statements of facts and reasons for the rulings. This statement is signed by the presiding judge. In this statement, it is recited that "the defendant's motion to stay further proceedings until the plaintiff pays the costs made before

the justice of the peace, and the motion to be allowed to prosecute as a poor person, are submitted to the court for decision on the affidavits and pleadings filed.''

It is not usual under the practice in this State for the presiding judge to inject the reason for his rulings into the record. If the statement in this case was confined to the reasons for the ruling such conduct might be commendable, but so much of it as says that the motion to stay the proceedings was submitted at this time is a misapprehension of the record. No such issue was before the court at that time. The court had previously ruled upon that issue. The sole question was the application to prosecute as a poor person. This being true, nothing contained in the statement signed by the judge, nor in the affidavits in reference to the application to prosecute as a poor person, can have any weight or be considered in determining the motion to stay proceedings. They are not evidence produced in reference to that issue.

The court denied appellant's application to prosecute as a poor person, and, on his failure to pay the costs before the justice, dismissed the cause, and rendered judgment for costs against the appellant.

These rulings of the court, in staying the proceedings and in refusing to permit the appellant to prosecute as a poor person, are all the errors assigned in this court.

It has often been decided that where a second action is waged between the same parties for the same cause the presumption is that the second action is vexatious, and, unless this presumption is overcome, the court in all such cases will order the proceedings stayed until the costs of the first suit are paid, and the burden of removing such presumption rests upon the plaintiff. *State, ex rel.*, v. *Howe*, 64 Ind. 18; *Clemans, Admr.*, v. *Buffenbarger*, 106 Ind. 16; *Carrothers* v. *Carrothers*, 107 Ind. 530.

The order to stay the proceedings is within the sound discretion of the court to grant or refuse under the facts of each case. If the presumption of vexation be over-come, and it be shown that the plaintiff is not acting vexatiously, it is the duty of the court to refuse to stay the proceedings. If there be an abuse of this discretion, such abuse may be reviewed in the appellate courts. *Kitts* v. *Wilson*, 89 Ind. 95; *Harless* v. *Petty*, 98 Ind. 53; *Carrothers* v. *Carrothers, supra.*

The bill of rights embodied in the constitution of this State, article 1, section 12, provides that "all courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

Under this guaranty, the courts of this State are open to appellant not only to institute his suit, but to prose-cute it to final judgment, unless he has forfeited this right by his vexatious conduct. In view of this consti-tutional provision, a very clear and positive case of vexatious conduct ought to be made before the courts of this State should be closed to any litigant.

It is a matter of common observation in the trial of causes that the plaintiff is sometimes surprised at the testimony of his own witnesses, or at the evidence pro-duced by the opposite party; and it not unfrequently happens that when the evidence is closed, new features are presented, and he finds that the pleadings should be changed or new issues formed. Under such cir-cumstances, he often finds it necessary, in order to fully protect his rights, to dismiss the action and com-mence another based upon the same subject-matter. At most, the presumption of vexation gives rise only to a

bare probability which fades away before the slightest countervailing evidence. Applying these principles to the case made by the affidavits, we think it clear that the court erred in staying the proceedings.

Appellant was not represented by counsel at the first trial. His complaint embraced only a part of the cause of action contained in the complaint in the circuit court; he was not present when the cause was dismissed by his counsel, and had no knowledge of the fact at the time. According to the averments of the complaint, appellant may have been entitled to recover interest on his claim at·six per centum per annum. *Killian* v. *Eigenmann*, 57 Ind. 480; *Rend* v. *Boord*, 75 Ind. 307; Act of March 5, 1891, Acts of 1891, p. 108; section 5200, R. S. 1881.

Appellant's attorney swears that he believed that his client was entitled to recover interest on the claim from the day of the demand. If it be true that he was entitled to interest, then the amount to which he was entitled to recover judgment exceeded the jurisdiction of the justice, and any judgment rendered by the justice under such circumstances would have been void. *State, ex rel.*, v. *Forry*, 64 Ind. 260.

Entertaining this opinion, it was the duty of appellant's counsel to dismiss the action in the justice's court and commence it in a court where his rights might be fully protected. It is also true that it was appellant's duty to pay the costs occasioned in the justice's courts, but because he was poor and unable to do so should not close the courts against him, unless it be made to appear clearly that his conduct in bringing the second suit is vexatious. This the evidence adduced fails to show. This conclusion renders it unnecessary to pass upon the other errors assigned.

Judgment reversed, with instructions to overrule the motion to stay proceedings.

The appellee having died since this cause was submitted, it is ordered that the reversal be of the date of submission.

