EIGENMAN ET AL. *v.* EASTIN, ADMINISTRATRIX.

[No. 2,098.    Filed Jan. 15, 1897.    Rehearing denied May 21, 1897.]

ACTION.—*Dismissal Of.—Payment of Costs Before Bringing Another Action for Same Cause.—Discretion of Court.*—Where a cause has been voluntarily dismissed by the plaintiff, and the costs have been awarded against him, and he has brought another action for the same cause, an application of the defendant for a stay of proceedings until the costs so awarded have been paid, or for the dismissal of the second action because of nonpayment of such costs within a limited time, is addressed to the sound discretion of the court. *p. 582.*

SAME.—*Dismissal of Action.—When Payment of Costs of Former Action Should be Required Before Proceeding With Second Action.* —An application to prevent a party who has voluntarily dismissed his cause of action from proceeding with a second action based upon the same cause unless he pay the costs assessed against him in the former one should not be sustained unless it appears to the court in the exercise of a sound discretion under the facts and circumstances of the particular case, that the second action is without merit, and is vexatious. *p. 582.*

APPEAL AND ERROR.—*Evidence.*—This court will not pass upon the question as to the weight of the evidence. *p. 584.*

From the Vanderburgh Superior Court. *Affirmed.*

*C. L. Wedding, C. A. De Bruler* and *Alexander Gilchrist,* for appellants.

*J. E. Williamson,* for appellee.

BLACK, J.—The appellee, on the 10th of October, 1894, brought her action against the appellants, and recovered judgment against them for damages in the sum of $1,750.00, for causing, through their negligence, the death of her intestate, who was her husband.

The appellants at their first appearance moved that the appellee be required to pay the costs of a former action, and that, on her failure to do so within ten days, the cause be dismissed.

The motion was overruled, and this action of the court is assigned as error.

The motion, which was verified, stated in substance that the plaintiff, in 1894, brought this action in the court below for the same matters and things for which this suit was brought, using the same complaint in each action; that after ample time, proper care and attention to all the matters by counsel and court, the case was brought to trial October 9, 1894; that the defendants incurred extra expense in asking a struck jury; that the case was carefully tried by the plaintiff, and after all her evidence was in, "it being the judgment of the defendant's attorney that upon that evidence there could be no recovery under the law by the plaintiff, declined to offer any evidence, and asked the court to instruct the jury to find a verdict for the defendants;" that after the argument, the court extended the plaintiff further time to make further argument and cite authorities, and also offered to hear any further evidence which might be offered; "and that after all this showing of liberality to the plaintiff, the

court announced that upon all the points the plaintiff had failed to make any case, and thereupon the plaintiff, after this full and fair treatment, and after she was offered every opportunity to make her case and yet failed," dismissed the case and refiled the same complaint, and a judgment was entered against her for costs, taxed at $130.30.

The record before us does not contain any counter-affidavit, or indicate that any other evidence was offered by the parties or heard by the court upon the motion.

Where a cause has been voluntarily dismissed by the plaintiff, and the costs have been awarded against him, and he has brought another action for the same cause, an application of the defendant for a stay of proceedings until the costs so awarded have been paid, or for the dismissal of the second action because of nonpayment of such costs within a limited time, is addressed to the sound discretion of the court.

The plaintiff has an absolute right to dismiss.

An application to prevent him from proceeding with the second action unless he pay the costs of the former one should not be sustained, unless it appears to the court in the exercise of a sound discretion under the facts and circumstances of the particular case, that the second action is without merit, and vexatious. *Kitts* v. *Willson*, 89 Ind. 95; *Harless* v. *Petty*, 98 Ind. 53; *Sellers* v. *Myers*, 7 Ind. App. 148.

The rule has been stated in this State to be, "that the second action will be deemed vexatious until the inference shall be removed by a showing on the part of the plaintiff." *Kitts* v. *Willson, supra; Harless* v. *Petty, supra.*

In *Sellers* v. *Myers, supra,* it was said by this court, that "the presumption of vexation gives rise only to

the bare probability which fades away before the slightest countervailing evidence."

Of course, if it should appear from all the evidence before the court that the suit is not vexatious, it would not matter which side produced the evidence. The court's action is open to review upon appeal only for an abuse of sound discretion.

It devolved upon the court to so act as to advance the ends of justice. The plaintiff's complaint presented a meritorious cause of action. It was plainly shown in the verified motion of the defendant that the action of the plaintiff in dismissing the former suit was reasonable and prudent. In the second action, the plaintiff has recovered judgment, whereas it is indicated that she would have failed in the former action. We cannot say that the court, in overruling the motion, was not acting so as to advance what then appeared to be the ends of justice. We cannot determine that in the dismissal of the former suit and the bringing of the action at bar the appellant was vexatiously harassed by a multiplicity of suits, or that the action of the court upon the motion was unjustly injurious to the appellant. It is well settled that there is no available error in overruling a motion which is not well taken as a whole. *Spence* v. *Board, etc.*, 117 Ind. 573. We cannot say that the court might not properly regard the time limited in the motion as too short. We cannot decide that the court abused its judicial discretion.

The only other matter of dispute between the parties here relates to the question as to the sufficiency of the evidence. It is insisted on behalf of the appellants that the evidence did not sufficiently establish the charge of negligence of the appellants, and that it failed to prove want of contributory negligence on the part of the appellee's intestate.

The injury which caused the death of her intestate was inflicted while he was engaged at work under the employment of the appellants in a coffer-dam which the appellants were constructing in the building of a bridge over a creek.

The evidence, which is quite voluminous, is rendered somewhat difficult to understand in many of its parts, by reason of the fact that a model of the coffer-dam with the appliances employed in connection with it, was used before the jury, and the references to it by the witnesses, while easily understood by the jury, are so vague that, without a description or a plan in the evidence, the situation of the parties and their conduct are not so clearly presented in this court as would be desirable. It seems to have been intended to supply this want, in part; for it appears, in the course of the introduction of the evidence, that it was agreed "that the diagram contained in Mr. Arnold's deposition shall go into the record, with his explanation of it as contained in the deposition." We are unable to find this diagram or explanation so mentioned anywhere in the record.

Yet we have looked into the evidence in the transcript, and we find it to be conflicting. We cannot decide the matter in dispute between counsel in regard to the evidence without invading the province of the jury, and disregarding the well known rule that this court cannot pass upon the question as to the weight of the evidence.

Judgment affirmed.