## TROGDON v. BRINEGAR.

[No. 3,441.  Filed March 29, 1901.]

APPEAL AND ERROR. — *Final Judgment.* — Where a demurrer
has been sustained to a paragraph of reply, and subsequently
the general denial tendered in the reply is withdrawn and the case
stands on the complaint and plea in abatement, an order suspending
the cause pending payment of costs is not a final judgment from
which an appeal will lie.

From the Lawrence Circuit Court.  *Appeal dismissed.*

*McHenry Owen*, for appellant.

ROBY, J.—The appellant brought suit against the appel-
lee in the Lawrence Circuit Court upon contract.  Appel-
lee filed a verified plea in abatement, averring therein that
appellant had theretofore instituted a suit before a justice
of the peace upon the same identical cause of action set up
in the complaint in the pending case; that such prior suit
had been dismissed, a judgment rendered against appellant
for $25.28 costs, which was still unpaid, and that plaintiff
was insolvent.  A demurrer to this pleading was filed and
overruled; a motion to make more specific was overruled,

and a reply of two paragraphs was filed, (1) general denial, (2) admitting the identity of the subject-matter of the two suits, reiterating the validity of the claim, and averring that by a mistake the justice suit was brought in a township not adjacent to the one in which appellee resided. (No excuse is shown for not bringing it in the township of her residence.) That the second suit was not vexatious, and that the appellant was unable to pay any costs, and that he had no property out of which any judgment could be made or collected. This pleading was not verified. A demurrer was sustained to it; afterward the general denial was withdrawn, "and this cause is suspended pending the payment of costs." Further motions are said to have been made, but they are not in the record; exceptions were taken to the rulings.

The application to stay proceedings is addressed to the sound discretion of the court, subject to review for abuse. *Sellers* v. *Myers,* 7 Ind. App. 148; *Eigenman* v. *Eastin,* 17 Ind. App. 580. In the state of the record, it can not be said that the discretion of the court below was improperly exercised. Attention is directed, however, to *Eigenman* v. *Eastin, supra,* pp. 582, 583. The order made does not constitute a final judgment from which an appeal will lie. §644 Burns 1894, §632 Horner 1897; *Taylor* v. *Board, etc.,* 120 Ind. 121.

The appellant may at any time take further action upon the payment of costs, the vacation of the order previously made, or by the procurement of an order allowing him to prosecute as a poor person (§261 Burns 1894), the action of the court in either of the last mentioned cases being invoked in the usual manner.

The appeal is dismissed.