(56 Misc. Rep. 609.)

## RICHMAN v. BONEWUR.

(Supreme Court, Appellate Term. December 12, 1907.)

1. COURTS—MUNICIPAL COURTS—MOTION—COSTS—TIME FOR PAYMENT.

On February 15th an order, based upon an affidavit and order to show cause, was made opening defendant's default, upon the ground of excusable neglect, on condition that he deposit the amount of the judgment in court on or before February 15th, and pay plaintiff $10 costs, and setting the case for trial on March 7th. The amount of the judgment was paid into court on February 15th, but the costs imposed were not paid. On February 19th, without any change in conditions, another order was entered, which did not vacate the order of February 15th, but stated that the motion to open the default was granted upon payment of $10 costs and depositing the amount of the judgment with the clerk of the court, the costs and deposit to be made on or before February 15th; otherwise, denied, with $10 costs. An order of February 20th directed the clerk to pay over $60.68 "now on deposit with him" to plaintiff's attorney. Defendant's motion to vacate the orders of February 19th and 20th, and to open his default, was denied. It appeared that his attorney was present on March 7th, the time fixed for the trial by the order of February 15th, and for the first time learned that the order of February 19th had been entered, and that defendant's deposit had been paid over to plaintiff; and it also appeared that no notice of application for the order of February 19th, nor notice of its entry, had been served upon him. *Held* that, since the order of February 15th did not require that the costs should be paid on that date, defendant's attorney had at least a reasonable time after service upon him of a copy thereof and notice of its entry in which to pay them.

2. SAME—OPENING DEFAULT—PAYMENT—STATUTORY PROVISIONS.

The effect of the order of February 15th, accompanied by the deposit of the amount of the judgment in court, was to vacate the judgment already given; and, that order not being vacated by the order of February 19th, the direction to pay the money on deposit to plaintiff's attorney was unauthorized, since under the express provisions of Municipal Court Act, Laws 1902, p. 1563, c. 580, § 256, the court may, as a condition for opening a default, require defendant to deposit the amount of the judgment into court, and the amount must remain on deposit until plaintiff's right thereto has ripened into a judgment.

8. SAME—JUDGMENT—DEFAULT—VACATING DEFAULT.

Since the default was opened by the order of February 15th on the ground of excusable neglect, and the same conditions existed when the order of February 19th was made, it was error to deny defendant's last motion to vacate the orders of February 19th and 20th, and open his default.

**4. SAME—COSTS—FAILURE TO PAY.**

Defendant's failure to pay the $10 costs was not ground for depriving him of his day in court, since the costs imposed and unpaid could be included in the judgment for plaintiff, if he were successful.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Charles Richman against Solomon Bonewur. From orders denying a motion to open his default, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Herman J. Rubenstein, for appellant. .
Samuel Rosenberg, for respondent.

GILDERSLEEVE, P. J. The defendant appeals from two orders of the Municipal Court denying his motion to open his default, the facts relative to which are as follows: On February 15, 1907, an order was made, based upon an affidavit and order to show cause, opening the default of the defendant herein upon the ground that such default was caused by "excusable neglect," upon condition "that the defendant deposit the amount of the judgment in the court on or before February 15, 1907, and pay to the plaintiff the sum of $10 costs," and the case was by said order set down for trial on March 7, 1907. On February 19, 1907, four days after the making of this order, another order was entered which contained the following recital:

"Ordered that the said motion to open the default is hereby granted, upon the payment by the defendant of the sum of $10 costs, and the defendant to deposit the amount of the judgment herein with the clerk of this court. The said costs and the said deposit to be made on or before the 15th day of February, 1907; otherwise, denied, with $10 costs."

This last order appears to have been based upon an affidavit, made by the plaintiff's attorney, to the effect that on the 11th day of February 1907, a motion was made by the defendant to open his default, which motion was granted upon the payment of $10 costs to the plaintiff and the deposit by the defendant with the clerk of the amount of the judgment on or before February 15, 1907, and that on the last-mentioned day the defendant did deposit the amount of the judgment,. but had not paid the $10 costs imposed, and therefore the plaintiff asked that the defendant's motion be denied. At the foot of this order is another  order, dated February 20, 1907, directing the clerk of the court to pay over the sum of $60.68 "now on deposit with him" to the plaintiff's attorney. The defendant's attorney promptly obtained an order to show cause why the order of February 19th and the order directing the clerk to turn over the amount on deposit should not be vacated, and why the action should not be restored to the calendar, and the default of the defendant be opened. This motion was denied.

In the affidavit used by the defendant's attorney on the last motion he testified that he appeared on March 7, 1907, the time fixed for the trial of the action by the order of February 15th, and then learned for the first time that the order of February 19th had been entered, and that the money deposited by the defendant had been paid to the plain-

tiff's attorney. He further testified that no notice of an application for the order of February 19th, nor notice of its entry, had ever been given or served upon him; and this is not disputed by plaintiff. It will be observed that the order of February 15th, although it required the deposit of the amount of the judgment on that day, it did not require that the costs should be paid on February 15th, and the defendant's attorney had, in the absence of any direction in the order, at least a reasonable time after service upon him of a copy thereof and notice of its entry in which to pay said costs. The order of February 15th was not vacated by the order of February 19th, and this last order was made without notice, and contained provisions impossible to be complied with. Those provisions required the defendant's attorney to deposit the amount of the judgment and costs on February 15th, four days prior to the making of the order, and it set the case down for trial on February 27, 1907, although the case had already been set down for trial on March 7, 1907, by the order of February 15th.

The effect of the order of February 15th, accompanied by the deposit of the amount of the judgment into court, was to vacate the judgment already entered. That the plaintiff's attorney and the court so regarded it is evidenced by the fact that the order of February 19th fixed a day for trial, and if the judgment still remained in force another trial would be unnecessary. That being so, the direction to pay the money on deposit to the plaintiff's attorney was wholly unauthorized. Section 256 of the Municipal Court act (Laws 1902, p. 1563, c. 580) provides that the court may, as a condition for opening a default, require the defendant to deposit the amount of the judgment into court; but that amount, however, must remain on deposit with the clerk until the right of the plaintiff thereto has ripened into a judgment, and its payment to the plaintiff's attorney prior to that time cannot legally be directed by the court. Not the slightest reason is shown for a denial of defendant's last motion to vacate the order of February 19th and to permit him to have his day in court. The court had previously opened the default by its order of February 15th on the ground of "excusable neglect," and so far as appears the same condition of affairs existed when the order of February 19th was made.

The reason given by the court below, that the defense of usury interposed by an indorser did not require a disturbance of the judgment, is not sustained by the record. The pleadings seem to have been oral, and indorsed upon the summons is the following: "G. D. B. of P. Payment." If those characters mean anything, the defense would seem to have been a general denial and payment; and so far as appears by the record there is no defense of usury. Even if the defendant had absolutely refused to pay the $10 costs imposed, he could not have been deprived of his day in court. The costs imposed and unpaid could be included in the judgment in favor of the plaintiff, if successful. Farber v. Flauman, 30 Misc. Rep. 627, 62 N. Y. Supp. 784; Fallon v. Crocicchia, 52 Misc. Rep. 503, 102 N. Y. Supp. 541, 543.

Orders reversed, and new trial ordered, with costs to appellant. All concur.