### ROTH v. WALLACH.

(Supreme Court, Appellate Term. June 5, 1908.)

1. COSTS—STAY OF PROCEEDINGS FOR NONPAYMENT—MUNICIPAL COURTS.
    Code Civ. Proc. § 779, empowering courts to stay proceedings for nonpayment of costs of a motion or of costs directed by an order to be paid, does not apply to Municipal Courts.

2. APPEAL AND ERROR—ORDERS APPEALABLE—ORDER STAYING PROCEEDINGS.
    An order of the Municipal Court staying proceedings until payment by plaintiff of costs taxed against him in prior actions between the same parties is not appealable.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Joseph Roth against Hayman Wallach, sued as Herman Wallach. From an order staying the proceedings, plaintiff appeals. Appeal dismissed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

J. V. Rooney, for appellant.
Samuel Deutsch, for respondent.

GERARD, J. A justice of the Municipal Court made an order in this action staying the plaintiff from proceeding therein until the payment by him of the sum of $10 costs taxed against him in two prior actions brought between the same parties and directed by an order therein to be paid. The plaintiff appeals from the order.

The justice was without authority to make the order appealed from. Section 779 of the Code of Civil Procedure, in which power is given

to courts to grant stays for nonpayment of costs of a motion or "directed by an order to be paid," has no application to Municipal Courts. Richman v. Bonewur, 56 Misc. Rep. 609, 107 N. Y. Supp. 675. The case cited by the respondent was a case brought in the Supreme Court after an action had been brought in the Municipal Court, in which last-mentioned court the plaintiff's complaint had been dismissed, with costs. The costs in the Municipal Court not having been paid, the defendant in the Supreme Court moved for a stay of proceedings until the costs of the prior action were paid, which was granted. The exercise of the power to stay proceedings was, therefore, by the Supreme Court, while in the case at bar the power is attempted to be exercised by a court without authority to act.

The order appealed from, however, is not an appealable one, and the appeal must therefore be dismissed. The lower court should vacate the order and permit the plaintiff to proceed in the action. Upon refusal so to do, mandamus would probably lie.

Appeal dismissed, without costs. All concur.