[No. 1440, April 10, 1913.]

T. W. ANDREWS, Appellant, v. FRANK T. FRENCH, Receiver of the Stephenson-Bennett Consolidated Mining Company and the Stephenson-Bennett Consolidated Mining Company, a Corporation, Appellees.

### SYLLABUS (BY THE COURT).

1. A party usually has the right to discontinue any action or proceeding instituted by him, unless substantial rights of other parties have accrued, and injustice will be done by permitting the discontinuance.

2. While such dismissal must be by order of the court, and the court has a discretionary control over its orders and decrees, if no facts appear which show that such dis-

missal will violate any of the rights or interests of the adverse party, a refusal of leave becomes merely arbitrary and without any basis upon which discretion can rest.

3. Where a party files a claim with the referee, in accordance with the provisions of sec. 82 of chap. 79, S. L. 1905, and demands that a jury decide thereon, and such claim is certified to the district court for trial, as required by said section, the claimant has a right to discontinue said proceeding, in the absence of any showing that such discontinuance will violate or prejudice the rights or interests of other interested parties.

Appeal from District Court, Dona Ana County.

ADRIAN F. SHERMAN, W. V. THOMPSON, and BONHAM & REBER, for Appellant.

The court erred in refusing leave to file amended complaint. Perea et al. v. Gallegos, 5 N. M. 102; Barry v. Hull, 6 N. M. 643; sec. 2973, C. L. 1897; A. & P. Ry. Co. v. Laird, 164 U. S. 393; Bamberger v. Terry, 103 U. S. 40; Santo v. Maynard, 57 Conn. 157; Seymour v. Long Deck Co., 17 N. J. Eq. 169; Langhorne v. Richmond, City Ry. Co., 91 Va. 364; Andrews v. Railway Co., 77 Ia. 669; Ritchey v. Waller, 63 Conn. 155.

Error to sustain demurrer to the evidence. Stokes v. Continental Trust Co., 186 N. Y. 285; 60 N. J. Eq. 263; 58 Ill. 444; 40 Wis. 418; 31 Minn. 140; 26 Pa. St. 123; Christman-Sawyer Banking Co. v. Independent Mfg. Co., 168 Mo. 634; 125 N. Y. 302; 35 N. Y. St. 357; 26 N. J. 538; Dorsey Machine Co. v. McCaffrey, 139 Ind. 545; Tinker v. Kier, 195 Mo. 183; Ramsey v. Thompson Mfg. Co., 116 Mo. 313; Hess v. Drafton & Co., 99 Mo. Ap. 580; Hornblower v. Crandall, 7 Mo. App. 220.

HOLT & SUTHERLAND and MARK B. THOMPSON, for Receiver; MARK B. THOMPSON, for the Company, Appellees.

No error in refusing leave to file amended complaint. Chap. 79, laws of 1905.

Motion for judgment properly sustained. 20 Cyc. 120, note 3.

It is a well settled rule of law that if there is no evidence to prove one or more of the essential elements of the cause of action, it is proper for the court to grant a dismissal or compulsory non-suit. 20 Cyc., sec. 123, 124, 126.

Findings of fact are sustained by the evidence. First Natl. Bank v. Lesser, 10 N. M. 700; Perea v. First Natl. Bank, 6 N. M. 1.

### STATEMENT OF FACTS.

Upon proceedings instituted by a creditor, under chap. 79, S. L. 1905, the Stephenson-Bennett Consolidated Mining Company was adjudged to be insolvent, and the usual decree in such cases was entered, and Frank T. French, was appointed receiver. Appellant filed a claim against said corporation with the referee, in accordance with the provisions of sec. 82 of said chapter, and demanded that a jury decide thereon. The claim was certified to the District Court, the issues were made up, and the case was called for trial. Prior to the introduction of any testimony the appellant, plaintiff in the lower court, moved to dismiss said cause without prejudice. The motion was overruled and appellant excepted. Thereupon the evidence of plaintiff was taken, upon the conclusion of which the defendants moved for judgment; the motion was sustained and a decree was entered for the defendants, from which judgment this appeal is prosecuted.

### OPINION OF THE COURT.

ROBERTS, C. J.—Several errors are complained of, but in the view we take of the case it will only be necessary to consider the decision of the court in overruling the plaintiff's motion to dismiss the cause, as the decision of that question will be conclusive of the case.

A party usually has the right to discontinue any action or proceeding instituted by him, unless substantial rights of other parties have accrued, and injustice will be done them by permitting the discontinuance. While such dismissal must be by order of the court, and the

court has discretionary control over its orders and decrees, if no facts appear which show that such dismissal will violate any of the rights or interests of the adverse party, a refusal of leave becomes merely arbitrary and without any basis upon which discretion can rest.

Matter of Petition of Butler, 101 N. Y. 307.  See also Winans v. Winans, 124 N. Y. 140.

And the object of the plaintiff in asking for the dismissal is of no concern to the court.

Banks v. Uhl, 6 Neb. 145.

The same rule seems to be applied in equity cases, where no cross bill has been filed.  Reilly v. Reilly, 139 Ill. 180.  By sec. 2908, R. S. 1897, it is provided:

"Any cause pending in any court of this territory, may be dismissed by the plaintiff in said cause, at his costs, at any time before the same is submitted to the jury in causes tried by the jury, or before judgment has been rendered in causes tried by the court."

Appellees contend, however, that this is a special statutory proceeding and is not governed by the general rule or the statute just quoted.  It is a statutory proceeding, true, but it is conducted as an ordinary action at law and is triable in the same manner.  The statute does not undertake to prescribe a different rule of practice, relative to such causes, after they are certified to the District Court.  Appellees have failed to point out how any of their rights would have been jeopardized by a dismissal, or any injustice done them thereby.

Under sec. 81 of said chap. 79, supra, the court has the right to limit the time within which creditors shall present and make proof before the referee of their respective claims against the corporation, and may bar all creditors and claimants failing so to do within the time limited, from participating in the distribution of the assets of the corporation.  So long as appellant could file and make proof of his claim, within the time limited by the court, no delay would be occasioned in the final settlement of the estate.  If he could not refile his claim within the limited time, such fact did not concern the appellees.  The statute above quoted says that, "*any* cause pending in *any* court * * * may be dismissed by the plaintiff,

etc." The language is very broad and includes all cases. The right to dismiss, however, is, of course, dependent upon whether such dismissal will leave the defendant in the same position as he would have stood if the suit had not been instituted; he would not have the right where there has been a proceeding in the cause which has given the defendant a right against the plaintiff, or an injustice would be done the defendant by the dismissal.

We think the court erred in refusing to allow appellant to dismiss the cause, and for this error the judgment of the lower court will be reversed and the cause remanded, with directions to sustain the motion to dismiss, and it is so ordered.

Parker, J., did not participate in this opinion.