Argued March 18, affirmed April 6, rehearing denied May 25, 1915.

## WINDSOR v. MOURER.

(147 Pac. 533; 147 Pac. 1190.)

**Judgment—Satisfaction—Notice of Assignment.**

1. Where a judgment debtor, at the time he procured satisfaction of the judgment to be noted on the margin of the proper record by the judgment creditor's attorney in consideration of payment by him, had no notice that the judgment creditor had assigned the judgment, the court properly refused to vacate the cancellation of the judgment at the instance of the assignee.

[As to assignment of judgments, see notes in 54 Am. Dec. 366; 78 Am. St. Rep. 47.]

From Multnomah: George N. Davis, Judge.

Department 1. Statement by Mr. Chief Justice Moore.

These two suits instituted by J. C. Windsor against George C. Mourer and others, to vacate and set aside the cancellation of judgments, were consolidated and

tried, and, the relief prayed for in the complaint having been denied, the plaintiff appeals.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief over the names of *Mr. George F. Hopkins, Jr., Mr. A. King Wilson* and *Messrs. Seitz & Clark,* with oral arguments by *Mr. Hopkins* and *Mr. Wilson.*

For respondents there was a brief over the name of *Messrs. Veazie, McCourt & Veazie,* with an oral argument by *Mr. Arthur L. Veazie.*

Opinion by MR. CHIEF JUSTICE MOORE.

The evidence shows that on August 29, 1910, J. N. Windsor, the father of J. C. Windsor, the plaintiff herein was the owner of 1,473 shares of the capital stock of the Campbell Automatic Safety Gas Burner Company, a corporation, and on that day he entered into a written contract with the defendants herein, George C. Mourer, L. C. Hammer, H. G. Luker, Edward Holloway, John E. Murphy and H. G. Sonneman and others, whereby he stipulated to assign and transfer such stock to the persons named, in consideration of $14,730, evidenced by their promissory note of $5,000 and $8,980, maturing in six and nine months, respectively, the remainder being made up of like promissory notes of $125 each, the first maturing October 1, 1910, and another each succeeding month. All were payable to the order of J. N. Windsor, with interest from date at the rate of 6 per cent per annum, and it was provided in each note that, in case suit or action should be instituted thereon, the makers would pay such additional sum as the court might adjudge reasonable as attorney's fees. The payee named in the notes stipulated in

the written contract, as a part of the consideration therefor, that he would not negotiate, assign or pledge the note for $8,980 until it became due. Disregarding that agreement, J. N. Windsor, on October 28, 1910, indorsed that note without recourse to E. R. Rose, who in like manner, on November 23, 1910, transferred the negotiable instrument to his mother, Mrs. Clara A. Campbell, to whom all the other notes were also assigned. A suit was instituted by the makers of the larger note against the original payee thereof to enjoin its transfer, but when it was discovered that the negotiable instrument had already been assigned, as here indicated, the suit was dismissed.

Mrs. Campbell commenced an action in the Circuit Court of the State of Oregon for Multnomah County against the makers of the promissory notes to recover the amounts of four thereof, each for $125, and the $5,000 note, and on November 20, 1911, she secured a judgment for $5,351.75, the remainder due, with interest at the rate of 6 per cent per annum from August 29, 1910, until paid, $350 as attorney's fees, and the costs and disbursements. All the makers of these notes, except Holloway, were regularly adjudged bankrupts November 18, 1911, by the District Court of the United States for the District of Oregon, and thereafter A. A. Cunningham was appointed and duly qualified as trustee of their estates: *Hammer* v. *Campbell Automatic Safety Gas Burner Co.*, 74 Or. 126 (144 Pac. 396).

Mrs. Campbell also commenced an action in the same court against the makers of the notes to recover the amount due on the larger negotiable instrument, and, having secured a writ of attachment, she caused it to be levied upon the property of the defendant Holloway, and, in order to secure a discharge of the seiz-

ure, he and the defendants herein F. C. Dillingham and H. A. Lewis executed and filed in that court an undertaking whereby they jointly and severally agreed to pay her the amount of any judgment that she might obtain in that action. That cause having been tried, Mrs. Campbell, on May 20, 1912, secured a verdict for $8,980, with interest from August 29, 1910, at the rate of 6 per cent per annum. Judgment was rendered on the verdict against the makers of the note and the sureties on the undertaking for a release of the attachment for that sum, and interest, $600 attorney's fees, and the costs and disbursements of the action.

From the first judgment referred to the makers of the notes jointly appealed, and from the second judgment Holloway alone appealed; the defendants herein, Henry Hagelstein, C. E. Belding and E. W. Oliver, being sureties on the undertakings for appeal. Though these appeals have been perfected, they remain undetermined by this court. Mrs. Campbell, on August 16, 1912, by writing transferred to J. C. Windsor, the plaintiff herein, all her right, title, and interest in and to both of the judgments, but the assignment was never recorded. In consideration of $6,750 paid by Holloway, there was noted on the margins of the proper records of Multnomah County, Oregon, respective entries as follows:

"Full satisfaction of the within judgment is hereby acknowledged this 28th day of March, 1913. [Signed] A. B. Foley, Attorney in Fact for C. A. Campbell, Plaintiff. Attest: John B. Coffey, Clerk of Circuit Court, by C. J. Strode, Deputy."

The chief inquiry to be considered is whether or not the defendant Edward Holloway had notice of Mrs. Campbell's assignment of the judgment to the plaintiff when he secured and had recorded the satisfactions

which have been referred to.   An examination of the voluminous transcript of testimony convinces us that the trial court properly concluded that Holloway did not have such notice.   No good purpose can be subserved by setting forth the testimony of the plaintiff and his witnesses on this branch of the case.   It is sufficient to say that their sworn declarations are so contradictory and in many particulars so improbable as to render their testimony unworthy of credence.

The decree should therefore be affirmed, and it is so ordered.                 AFFIRMED.   REHEARING DENIED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.

———

Denied May 25, 1915.

## ON PETITION FOR REHEARING.

(147 Pac. 1190.)

*Messrs. Wilson, Neal & Rossman,* for the petition.

*Messrs. Veazie, McCourt & Veazie, contra.*

Department 1.   Opinion by MR. CHIEF JUSTICE MOORE.

In the former opinion it is said: "Mrs. Campbell on August 16, 1912, by writing, transferred to J. C. Windsor, the plaintiff herein, all her right, title, and interest in and to both of the judgments, but the assignment was never recorded."   From the concluding part of that sentence the following additional words were inadvertently omitted, to wit: "Until after the record of these judgments was discharged."   In a petition for a

rehearing it is insisted that, the assignment having been duly recorded, a different conclusion should have been reached. It will be seen from an examination of the original opinion that the affirmance of the decree is predicated upon Holloway's want of notice of such assignment when he secured a satisfaction of the judgments. That the assignment was subsequently recorded is unimportant.

We think the conclusion reached in this case is warranted by a consideration of the evidence, and hence the petition for a rehearing is denied.

AFFIRMED. REHEARING DENIED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.