# WINDSOR v. HOLLOWAY.

(164 Pac. 1177.)

**Costs—Payment—Stay of Subsequent Suit.**

1. It is within the discretionary power of a court to stay proceedings in a suit until the plaintiff therein shall have paid the costs assessed against him in a prior suit between the same parties, involving substantially the same matter and praying for the same relief.

**Appeal and Error—Decisions Appealable—Stay of Proceedings—Costs.**

2. An order providing that plaintiff shall pay the costs of prior suit within 90 days, and in default thereof his suit shall be dismissed, is interlocutory and not appealable pending expiration of the 90 days.

Costs—Payment—Stay of Proceedings—Discretion.

3. Where a decree was entered enjoining a judgment creditor from setting up, prosecuting or attempting to proceed on the judgments, and such decree was not set aside or any attempt made to set aside same, the entry of an order in a subsequent suit between the same parties, involving the same subject matter and the same relief, requiring that plaintiff pay the costs of the prior suit within 90 days and in default thereof his suit be dismissed, was not an abuse of discretion, where it was not denied that the judgments had been satisfied, though it was alleged that false testimony was introduced in the former case.

Judgment—Res Judicata.

4. Until the first decree has been set aside, a suit will not lie to retry a case between the same parties, involving the same subject matter and the same relief.

Judgment—Impeachment—Perjured Testimony.

5. A decree cannot be impeached in a suit in equity merely on allegations that it was procured by perjured testimony.

From Multnomah: ROBERT G. MORROW, Judge.

This hearing is upon a motion to dismiss an appeal in the suit of J. C. Windsor against Edward Holloway, Henry Hagelstein, C. E. Belding, E. W. Oliver, F. C. Dillingham and H. A. Lewis. Motion allowed.

In Banc. Statement by MR. CHIEF JUSTICE McBRIDE.

This is an appeal from an order of the Circuit Court staying proceedings in the present case until the costs of another suit brought by plaintiff, involving substantially the same matter and praying for the same relief, should be paid. The order provided that the plaintiff should pay the costs of the prior suit within 90 days, and in default thereof his suit should be dismissed. Before the expiration of the 90 days prescribed by the court plaintiff took this appeal which defendants move to dismiss.                    DISMISSED.

*Messrs. Veazie, McCourt & Veazie,* for the motion.

*Mr. Enoch B. Dufur, contra.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

The power of the court to make the order is amply sustained by the authorities: *Schwede* v. *Hemrich,* 29 Wash. 124 (69 Pac. 643); *Carrothers* v. *Carrothers,* 107 Ind. 530 (8 N. E. 563); *Ex parte Shear* (*Shear* v. *Box*), 92 Ala. 596 (8 South. 792, 11 L. R. A. 620, and notes); *Buckles* v. *Chicago M. & St. P. Ry. Co.,* 47 Fed. 424. The order was interlocutory and was not appealable pending the expiration of the 90 days given plaintiff in which to comply therewith: *Roth* v. *Wallach,* 59 Misc. Rep. 515 (110 N. Y. Supp. 934); *Trogdon* v. *Brinegar,* 26 Ind. App. 441 (59 N. E. 1066). There was no abuse of discretion by the court. In a prior suit between the same parties, wherein the same subject matter was involved and the identical relief sought as in the present case, there was a decree in favor of the defendants declaring that the judgments mentioned in the plaintiff's complaint therein, the satisfaction of which plaintiff was seeking by that suit to set aside, had been fully discharged and satisfied, and the plaintiff was enjoined from setting up, prosecuting or attempting to proceed upon said judgments: *Windsor* v. *Mourer et al.,* 76 Or. 281 (147 Pac. 533, 1190). That decree has never been set aside, nor is there any attempt to set it aside in the present suit, in which it is alleged that certain material evidence used in the former cause was false and forged, and that such forgery was unknown to plaintiff at the time of the trial, although known to the defendants.

This is an attempt to retry the case in another suit without setting aside the first decree, which cannot be done. In addition the weight of authority is to the effect that a decree cannot be impeached in a suit in equity merely upon allegations that it was procured

84 Or.—20

by perjured testimony: 23 Cyc. 1027, 1028; *Friese* v. *Hummel,* 26 Or. 145 (37 Pac. 458, 46 Am. St. Rep. 610). The reason for this rule is obvious. If a defeated party can be allowed to retry a suit on the ground that material testimony given therein was perjury, by the same token he could, if defeated, retry the second suit by alleging that perjured testimony had been introduced, and so on so long as he had the means to maintain successive suits. The court, no doubt took into consideration the previous litigation between the parties, the vagueness of the allegations in the complaint, and the failure of the plaintiff upon the former trial to produce the testimony of Mrs. Campbell, or to take her deposition, although the genuineness of the power of attorney and the satisfaction of the judgment were controverted questions in that suit. The failure of Mrs. Campbell in her affidavit filed upon the present motion to deny that she received from the defendants $6,570 in settlement of the judgments and for the purpose of having them satisfied throws such suspicion on the *bona fides* of the case that we cannot say the court abused its discretion in requiring the plaintiff to pay the costs incurred upon the trial of the former cases before requiring the defendants to relitigate the same matter which had been decided in a previous suit.      THE APPEAL IS DISMISSED.