49 P.(2d) 253

DELAHOYDE v. LOVELACE.

No. 4054.

Supreme Court of New Mexico.

Aug. 15, 1935.

Hugh B. Woodward, M. C. Mechem, Waldo H. Rogers, and Donald B. Moses, all of Albuquerque, for appellant.

Marron & Wood, of Albuquerque, for appellee.

BICKLEY, Justice.

Appeal by plaintiff below (appellant) from an order and final judgment dismissing the complaint of plaintiff on the merits.

The action is in malpractice against a practicing physician and surgeon to recover damages alleged to have been sustained through defendant's gross incompetence and negligence in treating her for an infection of a finger resulting in the total loss of the use of her right arm with total permanent disability to engage in any gainful occupation. The defendant answered with denials of neglect and incompetence; that the plaintiff declined and refused to permit an operation advised by him; and that the serious condition of plaintiff occurred after the defendant had been dismissed from the case.

The cause came on for trial, a jury being waived. Three days were consumed by plaintiff in presenting her case and the defendant was upon the third day in presenting his evidence, when plaintiff's counsel orally moved to dismiss her case without prejudice. The defendant objected to a dismissal and simultaneously moved to amend his answer by counterclaiming for compensation for the services referred to in the complaint. The court sustained defendant's motion to amend and denied plaintiff's motion to dismiss.

The court had before him for consideration upon the motion to dismiss the whole situation and all the facts and circumstances disclosed by the evidence dur-

ing a six-day trial as well as the statements of counsel made upon the motion and the record upon a former case said to be in all respects similar so far as the issues were concerned, the only portion preserved and returned upon this record being the statements by counsel as to facts not contradicted nor disputed, these showing that a former suit on the same claim had been brought and dismissed by the plaintiff after the cause had been set for trial and the defendant had his witnesses and counsel present at large expense ready to proceed with the trial. That some six months later the plaintiff had commenced the present action, the complaint in which was identical with the amended complaint in the former case. The court made an express finding or conclusion: "I have no hesitancy in stating that it would be a case of rank injustice, in my opinion, were I to have sustained the motion for a nonsuit."

At the outset of the case, the defendant moved that plaintiff be required to file security for costs. Subsequently plaintiff filed an affidavit that she was too poor to pay the costs (section 105-1311, Comp. St. 1929), which was held by the court to be sufficient to allow her to proceed as a poor person.

■ A broad statement is made in the text in Standard Encyclopedia of Procedure, vol. 7, p. 656: "The privilege of the plaintiff to dismiss in such actions amounts to an absolute right."

Appellant contends that such is the law here under the provisions of Comp. St. 1929, § 105-1403, which is as follows: "Any cause pending in any court of this state may be dismissed by the plaintiff in said cause, at his costs, at any time before the same is submitted to the jury in causes tried by jury, or before judgment has been rendered in causes tried by the court."

The text of Corpus Juris, vol. 18, on Dismissal and Nonsuit, § 5, states: "Plaintiff has no absolute right at all times and under all circumstances to discontinue, dismiss, or take a nonsuit, but such right is often dependent upon the effect it has upon the rights of defendant, * * * and the granting of leave to do so is often held to rest within the discretion of the court."

Counsel for both parties cite the decision of this court in Andrews v. French, 17 N. M. 615, 131 P. 996, as aligning the courts of this jurisdiction with the respective views above mentioned. We think it was not a decision holding that the plaintiff has an absolute right to dismiss his cause. The second syllabus is as follows: "While such dismissal must be by order of the court, and the court has a discretionary control over its orders and decrees, if no facts appear which show that such dismissal will violate any of the

rights or interests of the adverse party, a refusal of leave becomes merely arbitrary and without any basis upon which discretion can rest."

The court said: "The language is very broad and includes all cases. The right to dismiss, however, is, of course, dependent upon whether such dismissal will leave the defendant in the same position as he would have stood if the suit had not been instituted; he would not have the right where there has been a proceeding in the cause which has given the defendant a right against the plaintiff, or an injustice would be done the defendant by the dismissal."

The difficulty arises in determining what is meant in the rule stated: "Or an injustice would be done the defendant by the dismissal." The hardship on defendant consisting of the mere possibility of future litigation is usually held not to be such an injustice to the defendant as will prevent a dismissal by the plaintiff. Such hardship is supposed to be taken care of by recovery of his costs. Such injustice is usually regarded as present only where dismissal would jeopardize a defense presently available, involving the loss of substantial rights acquired during the proceedings, or depriving defendant of a right to affirmative relief. Appellee is able to cite one case, A. C. Gilbert Co. v. United Electrical Mfg. Co., 33 F.(2d) 760 (D. C. E. D. Mich. 1929), which, though lacking the grounds usually mentioned as preventing a dismissal, points out that a right had been acquired and the prejudice threatened arose, not from steps taken by the defendant in the course of the suit, of the benefits of which a dismissal would deprive him, but solely from the acts of the plaintiff extrinsic to the proceedings. The damage to defendant's business reputation was said to be as substantail a prejudice as the loss of evidence collected for a specific trial and was thought an ample justification for the court's action. In that case, plaintiff brought suit in equity against defendant for infringement of electrical patents, and sent circular letters to the trade, including defendant's customers, informing them of the suit. After defendant had filed his answer denying infringement, plaintiff moved to dismiss its bill without prejudice because of defendant's intervention in a suit on the same patent brought against a customer of defendant in the district where defendant had its principal place of business. It was held that it would be inequitable and prejudicial to defendant to permit plaintiff to discontinue without prejudice a suit which it had so advertised. This decision loses some force as a precedent to support appellee's view, because of the difference in the facts in the case cited and in the case at bar. In the case before us, the only charge against the defendant of

wrongdoing is that appearing in the plaintiff's complaint, and which is the very basis of her cause of action and whatever effect these allegations might have upon the defendant's reputation as a physician would be inevitably incident to the statement of plaintiff's cause of action. In the opinion in the A. C. Gilbert Co. Case, supra, the court put a good deal of stress on the fact that the prejudice threatened to defendant arose not merely from the pleadings, but from the acts of the plaintiff extrinsic to the proceedings, such as advertising the defendant as an infringer of patents. While not relying upon this case, we do not discard the principles announced as entirely inappropriate to support the decision of the trial court in the exercise of his discretion in denying the motion to dismiss. Young v. Vail, 29 N. M. 324, 222 P. 912, 928, 34 A. L. R. 980, presented a situation where the defendants moved the dismissal of their cross-complaint, whereupon objection thereto was made by plaintiff, and that plaintiff and cross-defendants had expended a large sum of money in preparation of the case for trial at that time, and had brought witnesses from the state of Colorado who were material in the trial of the issues raised by the cross-complaint for none of whom plaintiff or cross-defendants could claim witness fees beyond the state line; that the situation of the parties was the same as though said defendants had filed their complaint and the plaintiff, Vail, had filed the substance of his complaint as a counterclaim thereto, so that said defendants had no right to dismiss without the consent of counsel for plaintiff; that the dismissal of the cross-complaint at that time would prejudice the plaintiff, Vail, and the other cross-defendants in that they had no assurance that they would be able to produce their witnesses from outside the state at a later trial, and had no right by compulsory process to bring them within the jurisdiction of the court. The court found in substance in accordance with the contentions of the plaintiff and cross-defendants, and concluded that the defendants would be materially prejudiced in the making of their defense to the cross-complaint if the pending suit should be dismissed and if suit should thereafter be brought. The court thereupon denied the motion to dismiss. The defendants elected to stand upon their demurrer and motions and proceed no further in the trial. The court then heard the evidence in support of the complaint and entered a decree in favor of plaintiff and cross-defendants. Upon appeal to this court, in an opinion by Mr. Justice Botts, the court said: "Finally we come to a consideration of appellants' contention that their motion to dismiss their cross-complaint should have been sustained. It will be recalled that upon that motion being

made the cross-defendants objected to the dismissal on the ground that they would be prejudiced thereby."

The opinion cites Andrews v. French, supra, and our statute, and says that the appellants found no fault with the rule announced in the Andrews Case, but contended that no injustice would have been done the cross-defendants by such dismissal. The court disposed of this claim as follows: "As to the appellants' claim that there was in fact no prejudice or injustice shown, suffice it to say that we have examined the evidence in connection with the finding of the court and see no occasion for disturbing that finding or interfering with the result of the exercise of discretion by the court."

In Pershing v. Ward, 34 N. M. 298, 280 P. 254, we held that the defendant had a right to dismiss his counterclaim without prejudice before a judgment and said that under Young v. Vail, supra, the question of permitting the dismissal was one for the trial court's discretion, and then proceeded to review the facts relative to prejudice, as affecting the court's alleged abuse in the exercise of his discretion and decided that the exercise thereof had not been abused.

Our statute wisely requires that a dismissal by plaintiff shall be "at his costs." It will frequently occur that the plaintiff has put the defendant to the expense of defending an action in which he concedes he cannot recover and it is only just that defendant be allowed a moderate sum by way of costs and by way of reimbursement of his expenses. In other words, to leave defendant as nearly as possible "in the same position as he would have stood if the suit had not been instituted." Andrews v. French, supra. That is the spirit of the statute. It acts as a deterrent upon dismissals by plaintiffs and as reimbursement to defendants. When section 105-1403 says that a cause may be dismissed by the plaintiff "at his costs," it contemplates either payment of costs or a judgment against him for same. Of course, a judgment might not be collectable, but section 105-1310 takes care of this so that the defendant may require of the plaintiff security for costs or else the case shall abate. Defendant in the case at bar sought the benefit of this statute. He was met with a poverty affidavit which permitted the plaintiff to sue as a poor person. The right to so sue is in the interest of justice to plaintiff and was not designed to work an injustice to the defendant. In such a situation, the deterring effect upon the plaintiff desiring to dismiss his cause is absent and the protection from the injustice to the defendant is lost. Appellee contends that though plaintiff has the right to dismiss his cause, "at his costs," and also the right to sue as a poor person, he cannot avail himself of both rights, and that under section 105-1403 "at his costs" means pay-

ment of costs. Without expressing an opinion on these interesting questions, we do not doubt that these are circumstances which may be taken into consideration by the court in determination of the question of whether a dismissal will work an injustice to defendant. It has been decided that a second action, after a nonsuit, in the sound discretion of the court, may be dismissed by the court against the plaintiff's wishes unless the costs of the first case are paid. Standard Encyclopedia of Procedure, vol. 7, p. 688; Eigenman v. Eastin, 17 Ind. App. 580, 45 N. E. 795.

In that case it was said that the rule had been stated in Indiana to be: "That the second action will be deemed vexatious until the inference shall be removed by a showing on the part of the plaintiff." Citing Kitts v. Willson, 89 Ind. 95, and Harless v. Petty, 98 Ind. 53. From this it appears that if the trial court regarded the second suit as vexatious, he could exercise a discretion to dismiss it in the face of the objection of plaintiff, particularly where the costs in a former suit concerning the same matter had not been paid after dismissal of the former cause, and the court's action was held to be open to review upon appeal only for an abuse of sound discretion.

Stewart v. Butler, 27 Misc. 708, 59 N. Y. S. 573, 574, is an interesting case. It holds that a complaint may be dismissed on motion where the litigation is vexatious, clearly without merit, and not brought in good faith; plaintiff being an insolvent. The court asserted the inherent power to exercise such efficient control over all proceedings in an action as to effectually protect every person actually interested in the result from injustice, oppression, or fraud, and to prevent the court itself and its process from being made the instrument of wrong. This position is well supported by citation of authorities. The court said:. "It is true that no statutory authority can be found for dismissing a complaint because the action is clearly vexatious, frivolous, or groundless, but this fact alone is no answer to the assertion of the power of the court so to do. No statutory provision can be found for staying proceedings in an action until the costs of a former action have been paid, yet the courts have exercised that power from the earliest times, and exercise it now almost daily. The right to do so is based upon the same inherent power of the court to which the defendants in this action appeal; that is, the power to prevent a multiplicity of actions and harassing and vexatious litigation."

And again: "The power of a court of equity to entertain an action to restrain vexatious, annoying, and harassing suits

at law is well recognized (2 Story, Eq. Jur. [13th Ed.] p. 211) and such an action has been maintained in this state to restrain groundless and vexatious suits in other states. H. B. Claflin & Co. v. Hamlin, 62 How. Prac. 284. It is not necessary, however, to resort to an affirmative action in equity to accomplish the purpose. 'The more usual course in modern times, especially in this state, has been to grant the same relief on motion as might be obtained on formal suit.' Lowber v. Mayor, etc., of City of New York, 5 Abb. Prac. 325. There seems to be no doubt of the inherent power of the court, in the absence of any statute on the subject, to dismiss or perpetually stay groundless, vexatious, and harassing litigations."

It is true, ordinarily, that the reasons moving a suitor to dismiss his action are immaterial, but in practice reasons for such a course are frequently assigned, and the absence thereof may be significant to the trial court in ruling upon the motion for voluntary dismissal, and to the appellate court on a review.

In the case at bar the record shows no reasons assigned by the plaintiff for her motion to dismiss. The court having followed the proceedings for about six days found:

"The evidence produced by the plaintiff did not sustain this charge in any particular. On the contrary, the medical evidence introduced in this case, shows clearly that quite the contrary was the case. It shows that the diagnosis was correct. It shows that the treatment prescribed by the Doctor was the correct treatment. It shows that the operation performed at the hospital the following morning was timely. I mean by that, it was done at the proper time when the doctor in charge of the case figured that it should be done. It shows that the extended course of treatment, as long as Doctor Lovelace was on the case, was the correct and proper treatment in the premises. What happened to this unfortunate young lady after she had decided to change her physician is, of course, not before the Court.

"The evidence further shows an absolute impeachment of the testimony of this plaintiff and her mother on the most material points involved in this case."

From this and other findings, it is plain that the court thought that plaintiff did not have a meritorious cause of action, and that it was vexatious, and that it would be "a case of rank injustice" to the defendant to permit an insolvent plaintiff to again have the opportunity to repeat a performance of suing and dismissing after two ventures of the same sort.

A view is presented in 15 C. J., "Costs," § 579, that the court may refuse to per-

mit a plaintiff to prosecute a second action against the same defendant as a poor person, where it does not appear that he has a meritorious case, and his conduct has been vexatious.

Since the theory of permitting plaintiff to dismiss "at his costs" is that the hardship on defendant consisting of the mere possibility of future litigation is compensated by the recovery of his costs, when we have a case of doubtful merit and costs cannot be recovered because of insolvency of plaintiff, and defendant applying therefor has been denied security for costs, a situation may have arisen wherein injustice will be done to defendant to permit a dismissal, notwithstanding the effort of the statute to afford the defendant protection. An award to defendant of costs is not compensation for the hardship of possible future litigation where plaintiff is insolvent.

While we realize that it is always a strong measure to prevent a plaintiff from going on with or discontinuing his action, we are unable to say that the trial court in the case at bar, considering the circumstances collectively, abused his discretion in denying plaintiff's motion for a nonsuit. The judgment is therefore affirmed and it is so ordered.

SADLER, C. J., and HUDSPETH, WATSON, and ZINN, JJ., concur.